# JAMES COMMON
## v.
## THE PEOPLE OF THE STATE OF ILLINOIS.

*Bastardy—Paternity of Child—Continuance—New Trial—Evidence.*

In a bastardy proceeding, it is *held:* That the defendant showed due diligence in endeavoring to procure the testimony of important witnesses, and failing in this was entitled to a continuance; and that under the facts, the record and the circumstances shown, his motion for a new trial should have been granted.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Iroquois County; the Hon. ALFRED SAMPLE, Judge, presiding.

This was a bastardy proceeding, commenced before a justice of the peace by complaint in writing of Carrie Winkle. The appellant was bound over to the County Court, where a trial was had resulting in a judgment of guilty against appellant, who then appealed to the Circuit Court, where a like judgment was obtained, and appellant brings the case to this court by appeal, and assigns for error, the overruling of appellant's motion for a continuance of said cause and the overruling appellant's motion for a new trial.

Various other errors were assigned which, in the view we take of this case, will not be necessary for us to notice. The

Common v. The People.

complaint on which appellant was arrested was made October 21, 1886. The complaining witness, Carrie Winkle, gave birth to the bastard child February 26, 1887. The principal controversy in the case was as to the paternity of the child.

The complaining witness, Carrie Winkle, testified that appellant was the father; and this was the only evidence to support the charge and her testimony was unsupported by any material corroborating circumstances in evidence in the case.

There was, on the contrary, considerable evidence tending to show that she had made contradictory statements on material points in issue in the case.

The appellant positively denied that he ever had sexual intercourse with the complaining witness at any time. She testified in her cross-examination that she never spoke to appellant about her condition, or charged him with the paternity of her child, although residing in the same family, until the day before complaint was made before the justice, October 21, 188 ).

She further testified that she first spoke of her condition to Richard Heisler, and that he went with her to see appellant to charge him with its paternity, the day before making the complaint.

Mrs. Brumback testified that Carrie Winkle lived in her family as a servant, and on several occasions went to the house of Richard Heisler, and upon several occasions she told Mrs. Brumback and her mother, "that if she had not been a good girl her and Mr. Heisler would have done wrong; that was the sum and substance of what she said;" the last time she so stated was the latter part of October, 1885.

David Brumback, Almon Brumback and Mrs. Brumback, all testify that both appellant and complaining witness lived in their family for a year and more, and during the time when it is charged the child was begotten were servants, the appellant employed at work on the farm and the complaining witness as a domestic in the house of the Brumbacks; that they never saw any exhibition of familiarity of any kind between appellant and Miss Winkle while there.

The complaining witness further testified that Richard

Heisler went with her to see Dr. Smith before the arrest of appellant, and that she was then "doctoring" and that she knew what she was "doctoring" for. She further testified that she went to Mrs. Wright's to be "doctored" also.

We have here briefly alluded to some of the evidence in this case, bearing, as we think, upon the materiality of the absent witnesses and the facts sought to be established by them, as set forth in the affidavit for a continuance, which was refused in the court below, and which is here assigned for error.

Prior to the calling of this case for trial the defendant moved the court below for a continuance of this cause, and in support of said motion the following affidavits were read and filed in the trial court:

"STATE OF ILLINOIS, } ss.
    Iroquois County. }    In the Circuit Court, to the
                        March Term, A. D. 1888.

The People of the State of Illinois }
            vs.                      }
        James Common.                }

"James Common being duly sworn, upon his oath says: That he is the defendant in the above entitled cause. That he can not safely proceed with the trial of said cause at the present term of this court, on account of the absence of a material witness, whose attendance he has been unable to procure at this term. Affiant says that the said witness, whose attendance he desires, is one Charlotte Wright, who lives in the city of Gilman, in said county and State. That the said Charlotte Wright would, if present, testify that the prosecuting witness told her, the said Charlotte Wright, that one Richard Heisler was the father of her child; that the said prosecutrix told her this during the time of her pregnancy and before the said child was born; that in this suit the prosecutrix claims that this defendant, and not the said Heisler, is the father of said child.

"Affiant says that he knows of no other witness by whom he can prove any such statement or admission of the prosecutrix. Affiant further says that on Friday, the 23d day of

March, he went to the home of said Charlotte Wright in Gilman with a subpœna for the purpose of summoning the said Charlotte as a witness in the above entitled cause; that said Charlotte's husband told affiant that said Charlotte was not at home. Affiant says that he was at said Charlotte's home three different times on said day and could not find said Charlotte at any of said times. Affiant says he verily believes that said Charlotte Wright was concealing herself for the purpose of avoiding service of said subpœna. Affiant says said witness is not absent through or by any procurement or consent of this affiant, and that this affiant believes he can procure said witness' attendance at the next term of this court, and affiant says that this application is not made for the purpose of delay but that justice may be done. Affiant further says that Mrs. C. Heyers was also duly subpœnaed to appear in this cause this day, and is not in court nor in the city of Watseka, and affiant says that he believes, but does not know for a certainty, that Mrs. C. Heyers will testify to the same admissions made by prosecutrix to her as set out above and made by prosecutrix to said Wright, and that she is not absent by procurement of defendant.

"James Common.

"Subscribed and sworn to before me this 26th day of "March, A. D. 1888.

"John Frith, Clerk."

Which said affidavit is indorsed as follows:

"People v. Common. Affidavit James Common. Filed March 26, 1888.

"John Frith, Circuit Clerk."

"State of Illinois, } ss.
Iroquois County. } In the Circuit Court, to the March term, 1888.

"The People of the State of Illinois }
vs. }
James Common. }

"D. Brumback being duly sworn, upon his oath says: That on the 24th day of March, A. D. 1888, he went to the house of the said Charlotte Wright with a subpœna for her as a

witness in the above entitled cause. That he was unable to find said Charlotte Wright, but verily believes from what said Charlotte's husband told him that said Charlotte was then at home, but was in concealment to avoid the service of process upon her as a witness in said cause. Affiant says that the said Charlotte told affiant that the prosecutrix had told her Richard Heisler was the father of the child in controversy in this suit.

"DAVID BRUMBACK.

"Subscribed and sworn to this 26th day of March, 1888.

"JOHN FRITH, Clerk."

Which said affidavit is indorsed as follows:

"People v. Common. Affidavit of Brumback. Filed March 26, 1888.

" JOHN FRITH, Circuit Clerk."

"STATE OF ILLINOIS,  }
  Iroquois County.  } ss.  In the Circuit Court, to the March term, 1888.

" The People of the State of Illinois  }
               vs.                      }
         James Common.                  }

"Charles H. Payson being duly sworn, upon his oath says: That a short time before the commencing of this court for this term, he had a conversation with Mrs. Charlotte Wright in the city of Gilman; that in said conversation the said Charlotte Wright told affiant that the prosecutrix in the above entitled cause had stated to her that one Richard Heisler was the father of a child with which the prosecutrix was pregnant; that said child is the same child of whom the defendant in the above cause, is charged to be the father. Affiant says that the said Charlotte Wright said she did not want to be a witness for personal reasons. And affiant further says that on Saturday of last week he went to the city of Gilman where said Charlotte Wright resides, with a subpœna to summon said Charlotte as a witness in the above entitled cause.

" That he went to the home of said Charlotte Wright and was informed by the husband of said Charlotte that said Charlotte Wright was not at home, and that he did not know

where she was or when she would return. Affiant says he verily believes that said Charlotte Wright was at that time at her said home, and that she was keeping herself in concealment for the purpose of evading the service of a subpœna upon her. Affiant further says that he left said subpœna with one J. V. Milsted, a constable in said city of Gilman, with instructions to carefully watch for said Charlotte Wright and serve said subpœna if possible, and affiant says that the subpœna hereto attached is the one left by affiant with said Milsted.

"CHAS. H. PAYSON.

"Subscribed and sworn to this 26th day of March, 1888.
"JOHN FRITH, Clerk."

To which affidavit is attached the following subpœna:

"STATE OF ILLINOIS,
Iroquois County. } ss. To the Sheriff of said county, Greeting:

In the name of the People of the State of Illinois.

"We command you to summon Mrs. Dr. Wright, Jacob Eppelsheimer, Mrs. C. Hyers, to appear before the Circuit Court of said county, at the court house in the city of Watseka, in said county, on the 26th day of March, 1888, at 2 o'clock P. M., to testify and the truth to speak in behalf of defendant in a cause now pending in said court, wherein the people are plaintiffs and Common defendant. And have you then and there this writ, with a return thereon, showing in what manner you have executed the same.

"Witness the hand of the clerk of said Circuit Court and the seal thereof at his office in Watseka, in said Iroquois county, this 21st day of March, A. D. 1888.

"JOHN FRITH, Clerk."

Which said subpœna is indorsed as follows:

"STATE OF ILLINOIS,
Iroquois County. } ss. J. V. Milsted being duly sworn, upon oath says: That he served the within writ upon the within named by personally reading the same to the said Mrs. C. Hyers, Jacob Eppelsheimer, Mrs. Dr. Wright not found, this ——— day of March, A. D. 1888.

"J. V. MILSTED.

"Subscribed and sworn to before me this 26th day of March, 1888.

                               "ISAAC BEYEA, J. P."

Which affidavit is indorsed as follows:

"People v. Common.    Affidavit of Chas. H. Payson.    Filed March 26, 1888.

                          "JOHN FRITH, Circuit Clerk."

But the court overruled defendant's motion for a continuance, to which ruling defendant excepted.

Messrs. PAYSON & RAYMOND, for appellant.

Messrs. R. W. HILSCHER, State's Attorney, and F. P. MORRIS for appellees.

UPTON, J.    We think the appellant showed due diligence in his endeavor to procure the testimony of the witnesses, in the affidavit named for the trial, and that the trial court should have granted appellant's motion for a continuance, or compelled appellee to have admitted the affidavits under the statute.    The evidence in our judgment was very material and could not have failed to have had an important influence with the jury on the trial of the cause.

Under the facts in this record and circumstances shown, we think the trial court should have granted appellant's motion for a new trial of the cause, and for these reasons, the judgment of the Circuit Court is reversed and the cause remanded for further proceedings.

                          *Reversed and remanded.*

C. B. SMITH, J., dissenting.    I can not agree with the majority of the court.    I do not think the affidavit in this case shows any reasonable or sufficient diligence in procuring the presence of the absent witnesses, and I think the court ruled correctly in overruling the motion.