# Frederick W. Mann

### v.

## The People of the State of Illinois.

1. BASTARDY — *prosecution therefor, whether of a civil or criminal nature.* A prosecution for bastardy is regarded as a civil not a criminal proceeding. So it is not essential to a conviction that the evidence of guilt shall exclude every reasonable doubt, but a preponderance of proof will be sufficient.

2. EVIDENCE — *presumption that a child was born alive — of the rule in civil and criminal cases.* In a prosecution for bastardy, it being proven that the woman gave birth to a child on a given day, it may be inferred the child was born alive and is still living. A different rule may prevail in criminal prosecutions, but it is legitimate in civil causes such as this.

WRIT OF ERROR to the Circuit Conrt of Kankakee county; the Hon. CHARLES R. STARR, Judge, presiding.

This was a prosecution in the name of The People of the State of Illinois against Frederick W. Mann, for bastardy.

On the trial in the Circuit Court, the people, to maintain the

issue on their part, produced *Cordelia Davidson*, who swore that she knew the defendant, Frederick W. Mann; that she had been acquainted with him four years; that said acquaintance continued till within the last eight months; that she lived about a half a mile from the defendant; that she is an unmarried woman, and was never married; and that she gave birth to a child on the 15th day of October, A. D. 1863, at Rockville, Kankakee county, in the State of Illinois, and that the defendant, Frederick W. Mann, was the father of it. And then the people rested their case, and the defendant rested his case, and there was no other testimony or proofs given to the jury, and the jury returned a verdict of guilty against the defendant, whereupon he moved the court to set aside the verdict and grant a new trial, because there was no testimony showing or tending to show that said child was living or was born alive, which motion the court overruled, to which ruling of the court the defendant excepted.

The court thereupon entered judgment as follows:

It is, therefore, ordered by the court, that the defendant pay the sum of one hundred dollars for the first year from the birth of said child, and fifty dollars per year, for nine years succeeding, for the support of said child, and to pay all costs of this prosecution, and that the defendant do enter into a bond conditioned in the sum of one thousand dollars for the complying with the order of this court; and it is further ordered by the court, that the defendant be committed to the county jail until he complies with the order of this court in executing said bond, according to the provisions of the statute in such case made and provided.

The defendant brings the case to this court upon writ of error, and now insists that, to sustain a complaint of bastardy so as to authorize the Circuit Court to make an order for maintaining, it must be proved that the child is living, or at least that it was born alive. A charge of bastardy is a charge of misdemeanor; criminal in its nature in this State, and a defendant to that charge as well as other crimes, is, by the law, presumed innocent until he is proved guilty.

Mr. C. A. Lake, for the plaintiff in error.

Mr. D. P. Jones, State's attorney, for the People.

Mr. Chief Justice Walker delivered the opinion of the Court:

On the trial below it was proved, that the prosecuting witness was delivered of a bastard child. And she testified that plaintiff in error was the father of the child. It does not appear from the bill of exceptions, that any witness stated that the child was born alive. On this evidence the jury found plaintiff in error guilty. And it is assigned for error, that the court below overruled a motion for a new trial. The correctness of that decision, we think, depends upon the question, whether a prosecution for bastardy, is a civil or criminal proceeding.

It has some of the forms of each. A capias issues for the apprehension of the putative father, on an affidavit, but the same is true when a capias for a debt issues. The party when arrested is required to give bail for his appearance at the trial, and so of a capias in an action of debt. And in both of these proceedings thus far they resemble prosecutions for crimes and misdemeanors which are bailable. In this prosecution, like bailable criminal offenses, the accused is examined on the preliminary trial, and if the evidence induces a belief of probable guilt, he is required to give bail.

But unlike a criminal prosecution, the mother alone can institute the proceeding. And she may control it by compromise or dismissal, at least until judgment. *Coleman* v. *Freerer*, 3 Scam. 379. Unlike a crime or misdemanor, a grand jury is not authorized to find a presentment. Nor is any fine or forfeiture imposed, but simply a judgment payable by installments. And execution is enforced by bond and security for the judgment, or in case of failure to execute it, by imprisonment. And if it was considered a crime the law would have provided for the punishment of the parties, but it only compels the father to sustain his offspring, and protect the community

against the burden of its support. However immoral the act, we do not consider the prosecution anything other than civil and not criminal.

If it be civil, then the measure of evidence is different from what it would be if it were criminal. In the former, a mere preponderance is sufficient, whilst in the latter, the evidence must exclude all reasonable doubt of guilt to warrant a conviction. Then, does this evidence preponderate in favor of the guilt of the plaintiff in error? The witness testifies that the child was born on a specified day. And when we apply, as the jury had a right to do, the teachings of observation, they must know that a large majority of births are of living children. This is the general course of nature, and the jury had the right to take it into consideration in weighing the evidence. When added to the evidence, it preponderated in favor of the child being born alive. A different rule may prevail in criminal prosecutions, but we think it legitimate in civil causes of this description. And if the child had not been living at birth or had since died, it only required the asking of a single question of the prosecuting witness to have shown the fact.

The judgment of the court below is affirmed.

*Judgment affirmed.*