JULIET PEASE, by ALBERT MORGAN, her next friend,

*v.*

CHARLES HUBBARD.

1. OFFICER—*escape from.* An officer who negligently permits the escape of a prisoner, is liable to any person injured by his neglect of official duty.

17

2. SAME—*bastardy warrant.* An officer who negligently permits the escape of a person in his custody, on a bastardy warrant, is liable to the mother of the illegitimate child.

WRIT OF ERROR to the Circuit Court of Bureau county; the Hon. M. E. HOLLISTER, Judge, presiding.

This was an action on the case brought by Juliet Pease, a minor, by her next friend, Albert Morgan, at the December term, 1864, of the Circuit Court in Burean county, against Charles Hubbard. The facts appear in the opinion of the court.

Mr. J. I. TAYLOR relied upon the following points and authorities as attorney for plaintiff in error:

A bond given by the father of an illegitimate child to the mother, in consideration that she will discharge him from a prosecution for bastardy is valid, the mother *has the exclusive control of such prosecution* and may compound and settle the same with such father. *Coleman* v. *Frum*, 3 Scam., 378; *Burgen* v. *Stranghan*, 7 J. J. Marshall, 584.

The proceeding for bastardy is strictly a civil remedy, and not in the nature of a criminal prosecution. 7 J. J. Marshall, 585; 2 Greene (Iowa,) 501.

A judgment for costs in favor of the mother, and against the father of an illegitimate child is good and valid, though the act of the Legislature be silent as to costs. Littell's Select Cases, 89.

An officer is liable for an escape even though the process be *voidable and erroneous.* 8 Mass., 9; Breese Rep., 285; 1 Scam. Rep., 201.

When damages result by the act of omission or commission of an officer, contrary to his duty, the party injured may have his action of case against the officer for such injury. 15 Johns. Rep., 250.

Messrs. STIPP & GIBONS for defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the court:

The plaintiff, Juliet Pease, sued the defendant, Hubbard, who was a constable, for having negligently permitted the escape of one Kent, whom the defendant had arrested under a bastardy warrant, issued upon the complaint of the plaintiff. The defendant demurred to the declaration. The court sustained the demurrer, and upon that decision the case is brought before us. The single question for determination is, whether an officer, under such circumstances, is liable for the escape, to the mother of the illegitimate child.

It was decided at the Ottawa term, 1864, in the case of *Mann* v. *The People*, that a prosecution under the bastardy act is a civil and not a criminal proceeding. Although in the name of the people, yet the object is not the imposition of a penalty for an immoral act, but merely to compel the putative father to provide for the support of his illegitimate child. The father is primarily liable for the support of his offspring. In the event of his failure to perform this duty, it devolves upon the mother, and in case of her inability, the child becomes a public charge as a pauper. This law was designed to place the burden where it properly belongs, upon the immoral father, and prevent him from casting it either on the mother or the county. We are, then, wholly unable to see why this suit may not be maintained. If the officer negligently suffered the father to escape, he is liable to any one who was injured by his neglect of official duty. The plaintiff was clearly injured, because she is left liable to a burden from which it was the duty of the escaped prisoner to relieve her, and to secure the performance of which duty he had been arrested upon her complaint.

*Judgment reversed.*