SAMUEL ALLISON

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. BASTARDY. A preponderance of evidence will sustain a verdict finding the defendant to be the father of the child in a bastardy case.

2. PRACTICE. Affidavits of jurors cannot be received to impeach their verdict for misconduct.

3. Upon the same principle affidavits of outside parties, as to facts derived from jurymen, cannot be received to impeach the verdict of a jury.

WRIT OF ERROR to the Circuit Court of Woodford county; the Hon. SAMUEL L. RICHMOND, Judge, presiding.

This was a prosecution for bastardy. A trial was had by a jury, who found that the defendant, Samuel Allison, was the father of the child. A motion for a new trial was made, and overruled. The defendant brought the case to this court by writ of error.

The facts appear in the opinion.

Mr. ROBERT G. INGERSOLL and Mr. S. D. PUTERBAUGH, for the plaintiff in error.

Messrs. CLARK & CHRISTIAN, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a prosecution for bastardy. The cause was tried below, before the court and a jury, and resulted in a verdict of guilty against plaintiff in error. The court thereupon rendered a judgment on the verdict, after overruling a motion for a new trial. The cause is brought to this court, and the refusal of the court below to grant a new trial, is urged as a ground of reversal. It is first insisted that the evidence was insufficient to warrant the finding of the jury. It appears that the evidence of the prosecuting witness is clear and positive that plaintiff in error is the father of the child, and there is no pre-

tense that it is not a bastard. It is, however, insisted that the prosecuting witness was shown to be unworthy of belief, and that she was contradicted by credible testimony, and that the verdict is so clearly unsupported by the evidence that the judgment should be reversed.

It has been repeatedly held by this court, that, while this proceeding is, in form, criminal, it is, in effect, civil in its nature; and, being so, like a civil case, a preponderance of evidence is only required to sustain a verdict finding defendant to be the father of the child; that it does not require that every reasonable doubt should be excluded by the evidence to warrant a conviction. *Mann* v. *The People*, 35 Ill. 467; *Maloney* v. *The People*, 38 id. 62. It then follows that a preponderance of evidence is sufficient, and if there is such evidence in this case, the judgment of the court below should not be reversed for the want of evidence.

To overcome her evidence, plaintiff in error introduced evidence that tended to show that coition could not have taken place on the day fixed by the prosecuting witness. And she having stated that she had illicit intercourse with no other man than plaintiff in error, between the first of October, 1865, and the birth of the child, he introduced evidence tending to show that she might have had such intercourse with one McClure, in January, 1866, to whom she testified she was engaged to be married. We are not prepared to say that the jury would not have been warranted in saying that she was successfully impeached. But they having given credence to her evidence, we cannot say that they did wrong. It was for them, on seeing the witnesses and hearing them testify, to say which were entitled to credit. They have found in favor of the credibility of the prosecuting witness, and we are not inclined to disturb the finding.

It is next insisted that the affidavits filed by plaintiff in error showed such misconduct on the part of the jury, and the officer having them in charge, as required the court below to set aside the verdict and to grant a new trial. It appears that several of the jurymen who tried the case filed affidavits

that the constable having them in charge took a part in their discussion after they retired, and gave it as his opinion that plaintiff in error was guilty, — using various arguments to convince them that they should so find. The rule is understood to be well settled, that affidavits of jurymen trying a cause will not be received to impeach their verdict for misconduct. And one of the reasons is, that, where there has been such misconduct on the part of the jury as requires their verdict to be set aside, they have thereby placed themselves in contempt of the court, and rendered themselves liable to punishment.

When an effort is made to corrupt the administration of justice, whether by the parties or officer having the jury in charge, by any effort to influence them in their finding, it is the duty of the jury to promptly report the fact to the court. And upon the establishment of the fact, it becomes the duty of the court to punish the offense in such a manner as to prevent its repetition. Jurymen should not only avoid such corrupting influences, but should, if not for the sake of their character, at least for the preservation of the character of our courts of justice, promptly repel and report all such advances. It is so flagrant an outrage on the rights of the parties, and such a contempt of justice and the authority of our legal tribunals, that all such gross violations of the correct administration of justice should be effectually checked.

It is, however, urged, that in this case there are affidavits of persons not jurymen in the case, and that they of themselves were sufficient to require the granting of a new trial. When examined, it seems that the facts sworn to in those affidavits, were derived from the jurymen. We therefore perceive no difference in the effect, whether the facts are sworn to by the jurymen, or by persons learning them from the jurymen. To receive and act upon these affidavits, would be to do indirectly what the law does not permit to be done directly. Such a course can not be adopted. While it may be true that the jury may have been guilty of misconduct, still it is not established by evidence upon which the court was authorized to act.

This is the uniform current of authority, so far as we have been able to find, and no reason is perceived for holding differently. We are satisfied that the rule is based on wise and salutary considerations, and that the practice should not be disturbed. By the previous decisions of this court, we regard the practice as settled in this State.

Perceiving no error for which the judgment of the court below should be reversed, it must be affirmed.

*Judgment affirmed.*