# THE PEOPLE OF THE STATE OF ILLINOIS

### *v.*

# AUGUSTUS STARR.

WITNESS—*competency.*   A prosecution for bastardy is a *civil* proceeding, and the putative father, who is the defendant in the prosecution, is a competent witness in his own behalf, under the Act of 1867, relating to disqualification by interest.

THIS IS AN AGREED CASE, brought from the Circuit Court of Madison county;  the Hon. JOSEPH GILLESPIE, Judge, presiding.

The opinion presents the single question brought up by the record.

Mr. J. H. YAGER, for the people.

Messrs. BILLINGS & WISE, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a complaint and prosecution in the Madison Circuit Court, against Augustus Starr, on a charge of bastardy.

The court permitted the defendant, against the objections of the plaintiff, to be sworn as a witness in his own behalf,

and the only question is, was he a competent witness ? The trial was had at the May term, 1868.

By the act of 1867, it is provided that no person shall be disqualified as a witness in any civil action, suit or proceeding, except as therein stated, by reason of his or her interest in the event thereof, as a party or otherwise.

This court has decided that a prosecution for bastardy is not a criminal prosecution, but a civil proceeding. *Mann* v. *The People*, 35 Ill. 467.

In *Pease* v. *Hubbard*, 37 ib. 257, which was an action by the mother of the child against the sheriff, for permitting the escape of the person charged with begetting it, on a prosecution for bastardy, it was held she could maintain the action, for the reason that, in the event of the failure of the father to support the child, its support would devolve on the mother ; that the proceeding in bastardy was a civil, not a criminal proceeding. This case answers the argument made by plaintiff in error, that this act of 1867 applied only to cases in which either party might be called upon to testify ; and as neither the State nor the child, for whose benefit the proceeding was instituted, could be called on to testify, the defendant could not be. The proceeding is for the benefit of the mother, to relieve her from a burden which belongs to the putative father. As she could testify, there is no reason why the defendant should not. If it was not a civil proceeding, the present plaintiff could not be in this court.

It was also held, in *Maloney* v. *The People*, 38 ib. 63, that a prosecution for bastardy was a civil proceeding, and so, in the case of *The People* v. *Noxon*, 40 ib. 30, by sustaining a writ of error sued out by The People in such a proceeding. Were it a criminal proceeding, this could not be allowed.

The defendant was a competent witness—he was not within any of the exceptions of the statute—and the judgment must be affirmed.

*Judgment affirmed.*