## Archibald McCoy

### *v.*

## The People of the State of Illinois.

1. Witness—*impeachment.* A witness can not be impeached by proof of his statements made out of court, unless his attention has been called to the same, specifying the time and place.

2. Evidence—*declarations and admissions of party in interest.* In civil cases, the declarations and admissions of the party really interested, although not a party to the suit, are evidence, as the law in respect to admissions regards the real party in interest.

3. Same—*admissions of prosecutrix in bastardy admissible.* A prosecution under the bastardy act being a civil suit, and for the benefit of the mother of the child, to relieve her from a burden which belongs to the putative father, she is the real party in interest, and her declarations and admissions are evidence against her, without having her attention called to the same when upon the stand.

4. Practice—*objections to deposition.* The objection that a deposition was taken without notice, or that it was improperly served, comes too late when made in this court for the first time. A party can not make one objection in the court below, and insist on another in this court.

5. Deposition—*interrogatories should refer to party by the true name.* In a bastardy proceeding, by Mary Hilger, it was proved that another party had carnal intercourse with her about the time of conception, and this party's deposition was taken to disprove the fact, but the interrogatories

referred to the prosecutrix by the name of *Mary Higler*, and the witness denied the charge as to her: *Held*, that the court erred in allowing such interrogatories and the answers thereto to be read.

APPEAL from the Circuit Court of Ogle county; the Hon. WILLIAM W. HEATON, Judge, presiding.

Messrs. BUSHNELL & BULL, for the appellant.

Messrs. EUSTACE, BARGE & DIXON, for the People.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is a prosecution for bastardy, and is now, for the second time, brought to this court by the appeal of the defendant.

Mary Hilger, the prosecutrix, positively swears that she is the mother of a child, in the law deemed a bastard, of which the defendant is the father. The defendant quite as positively denies, under oath, his paternity of the child, and that he has had illicit sexual intercourse with the prosecutrix.

We should, under the circumstances, be extremely reluctant to disturb the verdict of the jury, were we not clearly satisfied that injustice has been done the defendant by the rulings of the court below, which can be corrected upon a subsequent trial, and which may have materially tended to produce the verdict as rendered.

One Samuel Grim, a witness for the defendant, while being examined on the trial, was asked this question: "Did or not Mary Hilger, in the spring of 1871, call upon you and say that she was in the family way, and ask you what you were going to do about it?" This was objected to by the attorney for the prosecution, because the question was not propounded to the prosecutrix, during her examination as a witness, whether she had so said to Grim, particularly specifying time and place. The court sustained the objection, and refused to allow the question to be answered, and the defendant excepted.

The question is clearly leading, and if the objection to it had been based on that ground, it should undoubtedly have been sustained.   If, likewise, the answer sought is admissible only for the purpose of impeaching the prosecutrix, it is equally clear that the objection was well taken, and the ruling of the court correct.   But it is insisted that the evidence was admissible, if not for the purpose of impeachment, at all events as the declaration of a party in interest.

The general principle is, that in civil cases the admissions of the party really interested, although not a party to the suit, are evidence against such party, for, it is said, the law, with a view to evidence, regards the real party.   2 Starkie on Evidence, (5th Am. ed.) 22.

The question is, then, is this a civil suit, and is the prosecutrix really the party in interest ?

In *Coleman* v. *Frum*, 3 Scam. 378, a contract was entered into between the mother of an illegitimate child and the reputed father, whereby she agreed to dismiss a complaint preferred by herself, before a justice of the peace, against the reputed father, for the support of their offspring, and he, in consideration thereof, agreed to pay her a stipulated sum ; and it was held to be valid, for the reason that the suit was under the entire control of the mother.

In *Mann* v. *The People*, 35 Ill. 467, it was held that a prosecution for bastardy is regarded as a civil and not a criminal proceeding, and that it is, therefore, not essential to a conviction that the evidence of guilt shall exclude every reasonable doubt, but a preponderance will be sufficient.

In *Pease* v. *Hubbard*, 37 Ill. 257, suit was brought by the mother of a bastard child against a constable, for having negligently permitted the escape of the person whom she charged as being the father of the bastard, and who was arrested by the constable under a bastardy warrant, issued upon her complaint.   It was there said : "The father is primarily liable for the support of his offspring.   In the event of his failure to perform this duty, it devolves upon the mother, and in

case of her inability, the child becomes a public charge as a pauper. This law was designed to place the burden where it properly belongs—upon the immoral father—and prevent him from casting it either on the mother or the county. We are, then, wholly unable to see why this suit may not be maintained. If the officer negligently suffered the father to escape, he is liable to any one who was injured by his neglect of official duty. The plaintiff was clearly injured, because she is left liable to a burden from which it was the duty of the escaped prisoner to relieve her, and to secure the performance of which duty he had been arrested. upon her complaint."

In *The People* v. *Starr*, 50 Ill. 52, it was held, upon the principle announced in these cases, that the defendant in the prosecution for bastardy is a competent witness on his own behalf, under the act of 1867, admitting parties in civil suits to testify. The court observed : "This case (*Pease* v. *Hubbard, supra,*) answers the argument made by the plaintiff in error, that this act of 1867 applied only to cases in which either party might be called upon to testify ; and as neither the State, nor the child for whose benefit the proceeding was instituted, could be called on to testify, the defendant could not be. The proceeding is for the benefit of the mother, to relieve her from a burden which belongs to the putative father. As she could testify, there is no reason why the defendant should not." This was reaffirmed in *Freeman* v. *The People,* 54 Ill. 162, and in other subsequent decisions.

It thus appears to be the well settled law, as declared by this court, that this is a civil proceeding, and that the prosecutrix is the real party in interest, using the name of the People as plaintiff, as a mere matter of form.

The evidence offered, therefore, should have been received as the declaration or admission of a party in interest, and it was error to exclude it.

It is also objected, that the court erred in allowing the deposition of Philip Dietrick to be read in evidence.

Two witnesses swear to having seen this witness have illicit sexual intercourse with the prosecutrix, the last of October or the first of November, 1871, and his deposition was read in evidence for the purpose of contradicting them. The attorney for the defendant moved to quash the deposition, on the ground that it was taken when no trial was pending in the court, and on the ground of surprise, the counsel not being advised the same was on file. The grounds of these objections seem to have been removed by the evidence of the clerk of the court and reference to the files.

The objections now urged are, that the deposition was taken without notice, and that it was improperly returned. These objections come too late. If well founded, they should have been urged in the court below. A party is not allowed to make one objection in that court, and insist upon another in this.

The counsel, however, objected to reading the eighth and ninth interrogatories and answers, on the ground that they do no not refer to the prosecutrix, but an entirely different person. They are as follows:

"8th int. Did you ever have sexual intercourse with Mary Higler?

"Ans. I never did.

"9th int. Did you, during the months of October or November, A. D. 1870, have sexual intercourse with said Mary Higler, at her father's house, in Mt. Morris, Ogle county, Illinois, or at any other time or place?

"Ans. I never had sexual intercourse with Mary Higler at her father's house or at any other place."

"Hilger," the name of the prosecutrix, and "Higler," the name used in these interrogatories and answers, are as different in sound, as they would ordinarily be pronounced, as they are in orthography. It may be that "Mary Hilger" was intended by the words "Mary Higler," or it may be that some other person than Mary Hilger was intended, in order that the witness might truthfully give the answers desired, with a

view of applying them to Mary Hilger, when such answers could not have been obtained if her name had been used. The court may presume, but can not know what the fact was. To admit such evidence would establish a dangerous precedent—one which might be productive of almost endless frauds upon the court. It is the duty of a party who offers to read a deposition in evidence, to know in advance that the questions and answers are relevant, and that they refer, with reasonable certainty, to the persons or subjects involved in the inquiry. The court erred in overruling the objections to these interrogatories and answers, and permitting them to be read in evidence.

We perceive no substantial error in the instructions, when taken as a whole; but, for the errors indicated, the judgment must be reversed and the cause remanded.

*Judgment reversed.*

Mr. Justice Scott: I can not concur in this decision. It does not seem to me, the errors indicated are of sufficient gravity to be made the ground of a reversal of a judgment rendered on a second verdict in favor of appellee. I am unable to appreciate how errors so trivial in their character could affect the merits of the case. There is scarcely a case brought to this court in which some slight errors may not be detected, but if they should be regarded as causes for a reversal of the judgment or decree, it would render the administration of the law so technical as would amount to a denial of justice to all who are pecuniarily unable to continue the litigation through an indefinite period.

In this case the evidence was conflicting, and the jury having been properly instructed, the rule, as repeatedly declared by this court, is, that the verdict must be regarded as settling the controverted facts. The judgment, in my opinion, should be affirmed.

Mr. Justice Craig: I do not concur in the decision of this cause.