## Joseph McFarland

*v.*

## The People of the State of Illinois.

1. Bastardy—*jury to determine weight to be given to testimony of prose-cutrix, from all the evidence.* Whether the evidence of the prosecutrix in a bastardy case is entitled to greater or less weight on any point in the case than other witnesses, depends upon the degree of fidelity with which she and they adhere to the truth, and must be determined by the jury, from all the evidence in the case.

2. Same—*plaintiff must make out a case by preponderance of the evidence.* It is incumbent upon the plaintiff in a bastardy case, as in all other civil cases, to make out a case by a preponderance of evidence.

3. Where the mother of a bastard child swears that the defendant is its father, and the defendant swears that he is not, and they are of equal credibility, the one offsets the other, and, unless there is other testimony given or circumstances proved which gives the preponderance to the plaintiff, the defendant should be acquitted.

Writ of Error to the County Court of Marion county; the Hon. John G. Vaughan, Judge, presiding.

Mr. W. Stoker, for the plaintiff in error.

Messrs. Casey & Dwight, for the defendant in error.

Mr. Justice Scholfield delivered the opinion of the Court:

This is a writ of error to the county court of Marion county, on a judgment for bastardy.

There was, on the trial in the court below, a direct conflict between the testimony of the prosecutrix and that of the defendant, she swearing positively to his guilt, and he as positively denying that he had, at any time, illicit sexual intercourse with her. Her testimony was, in part, corroborated by circumstances proved by other witnesses, and he proved by other witnesses that, about the time the child must have been begotten, she had illicit sexual intercourse with other men.

The court, at the instance of the prosecution, gave, among others, the following instruction to the jury:

"4.   The court instructs the jury that the testimony of the complaining witness is peculiarly appropriate for the consideration of the jury, and her evidence with respect to the time of conception is entitled to greater weight than that of any other person."

This instruction was erroneous, and calculated to mislead the jury.   It should not have been given.

It is insisted by the counsel for the prosecutrix that it is sustained by the language of this court in *Jones* v. *The People*, 53 Ill. 367.   The only language used in the opinion in that case, bearing upon the question, instead of sustaining the instruction, is in conflict with it.   It is this: "Though the mother of the child is most likely to know who its father is—by whom it was begotten—yet she may not always tell the truth."

Whether the evidence of the prosecutrix is entitled to greater or less weight, on this or any other point, than other witnesses, depends upon the degree of fidelity with which she and they adhere to the truth, and must be determined by the jury, from all the evidence submitted in the case.   The court was not authorized to declare, as a matter of law, the comparative weight of her evidence.

The following instruction was asked by the defendant, but refused by the court:

"That, in this case, both the mother of the child and the defendant are competent witnesses; and if one swears that defendant is the father of the child, and the other that he is not, then, if they are of equal credibility, the one offsets the other, and unless further evidence, given by other witnesses for the people, or circumstances proven, give the preponderance for the plaintiff, your verdict should be for the defendant."

We are unable to perceive the slightest objection to the legal principle asserted in this instruction.

It was held in *The People* v. *Starr*, 50 Ill. 52, that a prosecution for bastardy is a civil proceeding, and the putative father,

who is the defendant in the prosecution, is a competent witness in his own behalf.

Being a competent witness, we know of no principle by which, if the parties are equally credible, his evidence can be held to be inferior to that of the prosecutrix. They are equally interested in the result of the suit—she in maintaining and he in defeating it. It is incumbent on the plaintiff in this, as in all other civil cases, to make out a case by a preponderance of evidence, and this is not done where the evidence of the prosecution is counterbalanced by equally credible evidence of the defendant.

For the errors indicated, the judgment is reversed and the cause remanded.

*Judgment reversed.*