E. N. E., APPELLANT, vs. THE STATE EX REL. LULU E., APPELLEE.

1. While the statutory proceeding in bastardy is *quasi* criminal, when the case gets into the Circuit Court it becomes a civil action between the prosecutrix and the defendant, and the rules of evidence which govern in other civil actions govern in this ; so that it is not error to charge that the preponderance of evidence, and not the benefit of a reasonable doubt, must be the guide for the jury in finding their verdict.

2. Being an action in which the prosecutrix is a party, her declarations in conversation with a witness for the defendant in regard to the matter in issue may be proper evidence, and it is error not to permit questions to the witness as to such conversation, because she is a party though she may be also a witness ; but if intended to impeach her credit as a witness merely, such questions

would not be proper in the absence of the usual predicate.
3. A charge of the court as to the period of gestation of a healthy woman for a healthy child, is a charge of fact not permitted by our practice, and erroneons.

Appeal from the Circuit Court for Washington county.

The facts of the case are stated in the opinion of the court.

*D. L. McKinnon* for Appellant.

*Liddon & Carter* for Appellee.

MAXWELL, J.:   In a proceeding under the statute relating to bastardy the jury gave a verdict against appellant on the issues made, and he was condemned by the judgment of the court to pay fifty dollars annually for ten years for the support of the child.   He asks this court to reverse the judgment because of errors committed during the trial, on which he founded a motion for a new trial, that was denied.   The chief of these alleged errors are that it was wrong to charge the jury that they must find their verdict on the preponderance of the evidence, and that the defendant was not entitled to the benefit of a reasonable doubt as in criminal cases, and wrong not to permit a witness for the defendant to testify what the prosecutrix said in a conversation he had with her in the early part of 1886 about her condition.

We think the court did not err in giving the charges in respect to preponderance of evidence and reasonable doubt. While the decisions of this court in construing the bastardy statute have characterized the proceeding it authorizes as *quasi* criminal, it is only because the preliminary steps before a magistrate to get the accused bound over to the Circuit Court for trial makes it so.   When the case reaches that court it loses its criminal aspect, and is henceforth a

civil action between the prosecutrix and the defendant, insomuch that the judgment and costs are given for or against one or the other according to success or failure on the issues tried between them. In W. H. T. vs. State *ex rel.* M. C., 18 Fla., 883, reference is made to the case of John D. C. vs. Julia V. H., 16 Fla., 554, where it was first held that the action is *quasi* criminal. Objection was made in the former case that the defendant had not been arraigned, and the court explained in the latter case that when it had spoken of the action as *quasi* criminal it meant that " it bore a resemblance in its inception to criminal proceeding. It was so far criminal in its nature as to cause the arrest by process of the defendant, and if, upon examination, sufficient cause appeared, that such defendant should give a bond with good security for his appearance before the next Circuit Court for the county ; that such court had then complete jurisdiction, and (should) cause an issue to be made up and tried by a jury ; that then the trial is had in the same manner and after the same form as provided for trials of other civil causes in that court. The affidavit of the complainant, taken by the Justice of the Peace, is filed in the Circuit Court and becomes the complaint which defendant must answer. It is not necessary to arraign the defendant, but he answers the complaint, and from thence the proceedings are of a character and are conducted in the manner of a civil action. Prosecutions under this statute partake partly of a criminal and partly of a civil character. It was not designed to punish the accused for a crime, but to make him contribute to the support of the child. In getting into the Circuit Court with the case it partakes of the criminal in form, when there it is a civil action."

In the Circuit Court, then, it must be tried as a civil action, and the consideration and effect of evidence must be governed by the rules applicable to such actions. Of those

rules one is that the jury must look to the preponderance of evidence in finding a verdict, and not give any benefit of a reasonable doubt to either side. Hence the court was correct in the charge complained of. See Mann vs. People, 35 Ill., 467; McCoy vs. State, 71 Ill., 111. There are cases holding otherwise, some of them cited by counsel for appellant, but these are on statutes under which the courts held the proceeding in the trial as well as in the preliminary stage of the case to be *quasi* criminal. Where it is held to be a civil action in the higher court, as it has been here, the rule is as we have stated it.

But we think the court erred in not permitting the witness to testify to a conversation between him and the prosecutrix in regard to her condition. The time of the conversation, according to the dates given, was not long after the date she had specified as that on which defendant had impregnated her; and while we are not informed of the object for which the question was put, it was presumably to draw out previous statements made by her inconsistent with the charge against defendant. The question in the absence of the usual predicate, if intended to impeach her testimony, would not have been proper. But for the very reason that the action being tried was a civil action, in which the rules of evidence governing criminal cases were not applicable, and in which she was a party, thereby in a position to render her declarations in respect to the matters in issue legal evidence, the question should have been allowed. If she had not been a witness her declarations could have been brought out, and it would be a hardship upon defendant, and unjust to him, to deprive him of evidence otherwise available, merely because she was a witness. This view is sustained by Welch vs. Clark, 50 Ver. 386, and McCoy vs. State, *supra*.

Another ground of the motion for a new trial was that

the court erred in its charge to the jury as to the period of gestation of a healthy woman for a healthy child.

There was no evidence on that subject and it is not a matter of law, wherefore we think it was error to give such a charge.

The case must be remanded for a new trial, hence we refrain from comment as to its merits on the evidence.