## Frank Kanorowski v. The People, etc.

### Gen. No. 11,022.

1.  CRIMINAL COURT—*presumption as to jurisdiction of.*  The Criminal Court of Cook county, being a court of general jurisdiction in criminal and quasi-criminal matters, it will be presumed that its proceedings are regular.

2.  CRIMINAL COURT—*jurisdiction and powers of, in bastardy cases.* Construing the Bastardy Act as an entirety, it is held that the Criminal Court of Cook county has the same jurisdiction and powers as the County Courts in other counties of the state outside of Cook.

3.  JURY TRIAL—*when presumption is that waiver of, was in writing.* Where it appears that a cause was submitted to a judge of the Criminal Court for trial, "the intervention of a jury being waived," it will be presumed that such waiver was in writing as provided by statute.

4.  JURY TRIAL—*right of defendant to waive.* A defendant may waive the right to a jury trial, notwithstanding the Bastardy Act specifically provides for such a trial, inasmuch as a prosecution for bastardy is a civil and not a criminal proceeding.

5.  JUDGMENT—*when, cannot be collaterally attacked.* A judgment of a court of general jurisdiction is not subject to collateral attack for matters not jurisdictional in their nature.

6.  BASTARDY PROSECUTION—*when judgment in, is proper.* A judg-

ment entered by consent in a prosecution for bastardy, which provides for the payment of $50 *instanter* and for the payment of the further sum of $350 in installments of $50 each, payable every sixty days, and for a bond as security for such payment, is proper.

7.  COMPLAINT IN BASTARDY—*when, deemed sufficient.* Notwithstanding a complaint in a bastardy proceeding is informal, yet where the records show that the defendant made no objection thereto, any informality therein, not affecting the merits of the case, is deemed to have been waived.

Prosecution for failure to pay award in bastardy.    Error to the Criminal Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding.    Heard in this court at the March term, 1903.    Affirmed. Opinion filed April 11, 1904.

JAMES R. WARD, for plaintiff in error.

CHARLES S. DENEEN, State's Attorney, and F. L. BARNETT, Assistant State's Attorney, for defendant in error.

MR. JUSTICE WINDES delivered the opinion of the court.

Plaintiff in error being charged with bastardy by the prosecuting witness, Minnie Sobaeke, was bound over to the Criminal Court by a justice of the peace and tried upon his plea of not guilty before that court by agreement of all parties made in open court, the record reciting such agreement, and that " this cause is submitted to court for trial, the intervention of a jury being waived," and found guilty. The record also contains, after the finding of guilty, and as a part of the same order, the following, to wit:

" By agreement of all parties now here made in open court, it is considered by the court that the said plaintiff have judgment herein, and that Frank Kanorowski, the defendant, be adjudged to pay for the support, maintenance and education of said bastard child the sum of four hundred dollars ($400), to be paid as follows:  Fifty dollars ($50) at once (and paid) and fifty dollars ($50) every sixty (60) days thereafter until said judgment is satisfied, and that the defendant will pay all the costs of this suit. Said sums of money to be paid to the clerk of this court. It is further ordered by the court that the said defendant be and he is hereby required to furnish bond with good and sufficient security, to be approved by the court, to secure

the payment of the sums of money aforesaid, and in case said defendant shall refuse or neglect to give security, as required by this order, then, in that case, it is ordered that the said defendant be committed to the jail of this county, there to remain until he shall comply with this order, or until otherwise discharged by due course of law."

This order was entered June 5, 1902. Plaintiff in error gave the bond provided for in the order and paid the first installment of $50 provided thereby, but when the first installment to be paid under the bond became due, he failed to pay the same, whereupon proceedings were instituted in the Criminal Court under a petition of the prosecuting witness for a citation against him and his surety upon the bond to show cause why execution should not issue against them for the installment due. An order was entered October 1, 1902, requiring plaintiff in error and his surety to appear and show cause why judgment should not be entered against each of them for failure to comply with the terms of said bond, which was served upon them, together with a notice requiring them to appear before the court November 3, 1902, and show cause as required by the previous order; and on November 3, 1902, an order was entered that a rule issue against plaintiff in error to show cause why he should not be attached for failure to comply with the previous order of the court entered at the June term, 1902; but when service of this last order was made does not appear, though it was served personally by reading to plaintiff in error and giving him a copy on or before November 6, 1902. Plaintiff in error was arrested under a writ of attachment issued by the court November 6, 1902, and appeared before the court on the latter date in custody, but specially limited his appearance for the purpose of objecting to the jurisdiction of the court, and of his motion to quash the writ of attachment. On the same day he entered into a recognizance to appear before the Criminal Court on the following November 8 to answer the charge of contempt of court. On November 8, 1902, plaintiff in error's motion to quash the attachment was overruled, and he having failed to show any cause why he should not be

held in contempt for failure to comply with the order of November 3, 1902, the court ordered that plaintiff in error be taken into the custody of the sheriff of Cook County, in compliance with the order theretofore issued in the cause. A mittimus was issued, which recites the previous orders of the court, and that plaintiff in error " failed and refused to appear in open court and failed to show cause as in said order commanded" (referring to the order of November 3, 1902).    It then proceeds as follows :    " It was ordered that said Frank Kanorowski be committed to the common jail of Cook county, Illinois, there to remain charged with contempt for failure to pay a certain installment of money due on a certain bond heretofore executed in this cause, which said sum so due and unpaid is the sum of fifty dollars ($50) due on the 2nd day of August, A. D. 1902, there to remain until purged of said contempt, or unless sooner released and discharged from imprisonment by due process of law, said imprisonment not to exceed six months, and that a warrant for that purpose issue."    The writ then proceeds to direct that plaintiff in error be taken and confined in the county jail in the usual form of such writs.    Whether plaintiff in error was taken into custody under this mittimus does not appear.

It is first claimed that the trial of the issue in bastardy being by the court, without a jury, and because the record fails to show that there was any formal waiver in writing of a jury, the judgment of June 5, 1902, cannot be enforced by imprisonment (citing the case of Swan v. Mulherin, 67 Ill. App. 77).    The record in the Swan case shows only that " the parties submitted the cause to the court for trial without a jury," which the court held was not a substantial compliance with the statute of June 17, 1893, relied upon by plaintiff in error.    This statute provides that " no person shall be imprisoned for non-payment of a fine or a judgment in any civil, criminal, *quasi-criminal* or *qui tam* action, except upon conviction by jury. Provided, that the defendant or defendants in any such action may waive a jury trial by executing a formal waiver

in writing; and provided, further, that this provision shall
not be construed to apply to fines inflicted for contempt of
court; and provided, further, that when such waiver of
jury is made, imprisonment may follow judgment of court
without conviction by a jury." The record here, as quoted
above, expressly states in addition to what was stated
in the Swan case, that the intervention of a jury was
waived. The Criminal Court of Cook county, being a
court of general jurisdiction in criminal or quasi-criminal
matters, it will be presumed that it proceeded regularly,
and that the waiver of the jury was in writing. Schir-
mer v. People, 33 Ill. 276–84; Swearengen v. Gulick, 67
Ill. 208–12; Turner v. Jenkins, 79 Ill. 231; Boyles v. Chy-
traus, 175 Ill. 370–3, and cases cited. The order and judg-
ment of the Criminal Court is not now subject to collateral
attack, as is here sought by this writ of error on this
point. Kelly v. The People, 115 Ill. 583–9, and cases
cited. Among the cases cited is Garnett v. Williams, 20
Wall. 250, in which the court said: "The jurisdiction hav-
ing attached in the case, everything done within the power
of that jurisdiction, when collaterally questioned, is held
conclusive of the rights of the parties, unless impeached for
fraud." There is no question, as will be shown later, but
that the Criminal Court had jurisdiction to try the case
and render judgment, nor is there any claim of fraud. In
this connection the claim is only that the court could not
enforce its judgment by imprisonment. In the Kelly
case the Supreme Court say: "The court had power to
proceed to hear and determine. The judgment was not
such an one as the court had no power, under any circum-
stances, or upon any state of facts, to pronounce in such
a case, but it was one within the power of the jurisdiction
which had attached;" and held that the error, if there was
one, in the judgment of the court in question, was in the
exercise of jurisdiction, and not for want of jurisdiction—
was merely erroneous, and not subject to collateral attack
as being void for want of jurisdiction.

It is next claimed for plaintiff in error that a proceeding

in bastardy is special and statutory, must be strictly pursued, and it was beyond the power of the court to try plaintiff in error without a jury—that the statute provides a tribunal composed of the court and a jury—that consent of the parties could not give the Criminal Court the power to try the bastardy issue without a jury. It is true that the Bastardy Act (Rev. Stat., ch. 17, sec. 4,) directs that the Criminal Court " shall cause an issue to be made up whether the person charged, as aforesaid, is the real father of the child or not, which issue shall be tried by a jury." It has also been held by numerous decisions of the Supreme Court, among others, Pease v. Hubbard, 37 Ill. 257; People v. Noxon, 40 Ill. 30; McFarland v. People, 72 Ill. 368, and Rawlings v. People, 102 Ill. 475, and cases cited, that prosecutions under the Bastardy Act are civil and not criminal proceedings, although criminal in form. The same rule should therefore apply to this proceeding as in a civil case. The Statute of Wills (Rev. Stat., ch. 148, sec. 7,) provides that in the case of a will contest in chancery, that " an issue at law shall be made up, whether the writing produced be the will of the testator or testatrix or not, which shall be tried by a jury in the Circuit Court." It has been held that this provision of the statute may be waived. Whipple v. Eddy, 161 Ill. 114–18. A court of chancery has no jurisdiction to try a will contest, except by virtue of the statute. Luther v. Luther, 122 Ill. 558–66; Wheeler v. Wheeler, 134 Ill. 522–5.

It follows, as we think, from these decisions, that as a bastardy proceeding is a civil proceeding, the same rule should apply with regard to waiver of a jury in such a proceeding as is applied under the statute in regard to will contests. Both statutes require that the issue " shall be tried by a jury," but as held in the Whipple case, " shall," as here used, has no greater force than the word " may." Although the proceeding is statutory, we are of opinion that the Criminal Court of Cook county had jurisdiction to try the issue without the intervention of a jury, by reason of the agreement of the parties that the case should so

be tried.    There is nothing in the cases of Harris v. People,
128  Ill. 591, Brewster v. People, 183  Ill. 143, and  Paulsen
v. People, 195 Ill. 507–19, especially relied upon by plaint-
iff  in  error,  which  conflicts  with  this  view.    They  are
criminal  cases, and  that  fact  is  sufficient  to  distinguish
them from the case at bar.

It is also claimed that section 8 of the Bastardy Act was
wholly  disregarded  in  this  proceeding  in  requiring, as  the
judgment of June 5, 1902, does, that  plaintiff  in  error  pay
$50 instanter  and  the  costs, besides  the  further  sum  of
$350 in installments of $50 each every sixty days.    It is true
that the section referred to provides that when a defendant
is found guilty or admits the truth of the  charge, he  shall
be required by the judgment of  the court to pay the costs
of the prosecution and not exceeding $100 for the first year
after the birth of the child, and  a sum not exceeding $50
yearly for nine years succeeding said first year for the sup-
port, maintenance and education  of  the child, and that he
shall also be required by the court to give  bond with suffi-
cient security for the payment of the money ordered to be
paid, and when required by such order.    Section 18 of the
same act provides, among other things, as follows :  " Such
father may compromise all his legal liability on account of
such bastard child, with  the  mother  thereof, without the
written consent of the county judge, by paying to her any
sum not less than $400."    All  the  different  provisions of
a statute should be construed together.    When so construed
we are of opinion that the  judgment  rendered herein, it,
being by agreement of all  parties, cannot be said to be in
contravention of the statute.    We think it can make no
difference that the Criminal Court of Cook county is not
mentioned in the eighteenth section of the statute, since by
the third, fourth and eleventh sections it is apparent that
the same jurisdiction and powers are intended to be and are
given to the Criminal Court of Cook county as to the
County Court in other counties of the state outside of Cook
county.

It is also said that the bond required in this  case tran-

scends the statute, and is therefore void. We think that the bond is in substantial compliance with the statute, for the same reasons above stated with regard to the judgment. Further claims are made, that the proceedings hereinabove recited, which resulted in plaintiff in error's commitment, were irregular and erroneous, because they did not conform strictly to the provisions of the statute relating to bastardy, which provides for the course of procedure when the defendant fails to comply with the judgment of the court. All such claims have been considered, and we are of opinion that the provisions of the statute were substantially complied with in the several respects as to which the proceedings are questioned.

It is also said that the complaint and judgment were not sufficient to show jurisdiction of the Criminal Court. It is true that the complaint is somewhat informal, but in our opinion it is sufficient to give notice to plaintiff in error of the specific charge made against him, and in substance conforms to the statute. The record fails to show that plaintiff in error made any objection thereto, and any informality in that regard, not affecting the merits of the case, is waived by his going to trial without objection. The judgment, the substance of which has been heretofore stated, is, in our opinion, in substantial compliance with the statute, and states all necessary jurisdictional facts, which it is unnecessary to specifically point out.

Being of opinion that the record presents no reversible error, the judgment of the Criminal Court is affirmed.

*Affirmed.*