## The People of the State of Illinois, Appellee, v. Jasper Tice et al., Appellants.

1. BASTARDS, § 4*—*what is nature of action.* Proceedings under the Bastardy Act (J. & A. ¶ 703 *et seq.*) are criminal in form, but the action itself is a civil one, and is intended to compel the putative father to contribute to the support of his illegitimate child.

2. BASTARDS, § 50*—*what is nature of bond.* A bond given under the provisions of the Bastardy Act (J. & A. ¶ 703 *et seq.*) is a civil obligation given to secure the payment of a debt.

3. BASTARDS—*when surety on bond not discharged.* The rule that a surety on a recognizance in a criminal case is absolved from any liability thereon by the death of the principal has no application to a bond given under the Bastardy Act (J. & A. ¶ 703 *et seq.*), as the bond is a civil obligation given to secure the payment of a debt.

4. STATUTES, § 212*—*when presumed that Legislature did not intend to release sureties on bond upon death of bastard's father.* It must be presumed that the Legislature, because of the fact that in sections 14, 15, of the Bastardy Act (J. & A. ¶¶ 716, 717) are enumerated events which shall render the bond for the support of the child void, not including the death of the putative father, intended that the death of the principal should not have the effect of releasing the sureties on the bond.

Appeal from the County Court of Brown county; the Hon. W. Y. BAKER, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 13, 1915.

J. F. REGAN and R. E. VANDEVENTER, for appellants.

O. T. BRIGGS, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Albert Tice was found to be the father of the bastard child of Agatha Wagner by the County Court of Brown county, Illinois, at its January term, A. D. 1914, and was ordered by the judgment of said court to pay to the clerk thereof the sum of $100 for the first year after the birth of said child, and $50 per year for nine years thereafter, said payments to be in equal quarterly instalments and to be paid on the 19th day of the months of December, March, June and September respectively of each year, for the support, maintenance and education of such child, and it was also ordered that he be required to give a bond with sufficient surety to be approved by the judge of said court in the penal sum of $800, conditioned for the due and faithful payment of said sums to the clerk of said court. The bond was executed by said Albert Tice, as principal, and by Jasper Tice and John Craven, as sureties thereon. Agatha Wagner, on November 27, 1914, filed her petition in said court alleging the facts above stated, and further, that said Albert Tice paid the first three instalments of $25 each as ordered by the court, but that the fourth instalment of $25, which was due September 19, 1914, has not been paid; that said Albert Tice died July 18, 1914, and that said sureties knew of his death and the nonpayment of said fourth instalment, and prays that said sureties may be cited to appear in said court on the 1st day of December, A. D. 1914, and show cause, if any they have, why execution should not be issued against them for the amount of said fourth instalment. Appellants filed their answer to the petition, which admitted all the facts therein, and further alleged that the death of Albert Tice was caused by tuberculosis, and that by reason of his death he was rendered incapable by the act of God from further complying with or performing the terms of said judgment and bond, and that they, as sureties thereon, were therefore relieved and dis-

charged from making any further payments. Upon the hearing the court rendered judgment against appellants for said fourth instalment due September 19, 1914, for the sum of $25, from which judgment this appeal is prosecuted.

The only question involved is: Were the sureties on this bond discharged from their obligations thereon by the death of their principal, Albert Tice? Although proceedings under the Bastardy Act are criminal in form, the action itself is a civil one. *Rawlings v. People,* 102 Ill. 475; *McFarland v. People,* 72 Ill. 368; *Peak v. People,* 71 Ill. 278; *McCoy v. People,* 71 Ill. 111; *Davis v. People,* 50 Ill. 199; *People v. Starr,* 50 Ill. 52; *Allison v. People,* 45 Ill. 37; *People v. Noxon,* 40 Ill. 30; *Mann v. People,* 35 Ill. 467; *Maloney v. People,* 38 Ill. 62; *Holcomb v. People,* 79 Ill. 409. Section 8 of the Act (J. & A. ¶ 710) provides that the order and judgment of the court shall be for the payment of a sum of money in certain instalments for a period of ten years, "for the support, maintenance and education of such child," and that the bond shall be "conditioned for the due and faithful payment of said yearly sum, in equal quarterly instalments." Section 10 of the Act (J. & A. ¶ 712) provides: "The money, when received, shall be laid out and appropriated for the support of such child in such manner as shall be directed by the court; and when a guardian shall be appointed for such bastard, the money arising from such bond shall be paid over to such guardian." Section 11 of the Act (J. & A. ¶ 713) provides that if default be made in the payment of any of the quarterly instalments, a petition for citation and judgment may be rendered for the amount due against the principal and sureties on the bond, and execution shall issue thereon. Section 12 (J. & A. ¶ 714) provides, among other things, that this judgment may be made a lien upon the real estate of the principal and sureties by filing a transcript thereof in the office of the clerk of the Circuit Court. It is clear

from these sections of the statute that an action thereunder, though in form criminal, is essentially of the nature of a civil action, the object being not the imposition of a penalty for an immoral act, but merely to compel the putative father to contribute to the support of his illegitimate child. This is well settled by a great many decisions in this State. *Scharf v. People,* 134 Ill. 240, and cases cited. The rule that a surety on a recognizance in a criminal case is absolved from any liability thereon by the death of the principal has no application to bonds given in accordance with the provisions of this act. In our opinion such a bond, given under the provisions of the Bastardy Act, is a civil obligation given to secure the payment of a debt.

Keeping in mind that the bond is conditioned for the due and faithful payment of a certain sum of money in instalments for a period of ten years for the support, maintenance and education of the child, it is necessary to ascertain in what instances the sureties may be discharged from their obligations. The statute itself enumerates the circumstances which will avoid the bond. Section 14 (J. & A. ¶ 716) provides that the bond shall become void if the child shall not be born alive, or, being born alive, shall die at any time. Section 15 (J. & A. ¶ 717) provides that the bond shall become void if the mother and reputed father shall at any time after its birth intermarry. The statute having thus enumerated in what events the bond shall become void, and having omitted to include in such enumeration the death of the reputed father, as a rule of statutory construction it must be presumed that the Legislature did not intend that his death should have the effect of releasing the sureties on the bond.

In our opinion the judgment of the County Court is right and it is therefore affirmed.

*Affirmed.*