THE PEOPLE OF THE STATE OF ILLINOIS

*v.*

SAMUEL M. WOODSIDE.

1. COURTS—*the presumption is, that the judge authorized by law to preside does so.* Although the record may show an agreement that an attorney named may try a case, yet if it nowhere appears that he in fact did try it, and the concluding part of the record shows that the court heard and overruled a motion for a new trial and rendered judgment, this court will presume that the trial was had before the judge authorized by the constitution and laws to preside.

2. COUNTY COURTS—*have jurisdiction in bastardy cases.* By the bastardy act of 1872, (Laws 1872, p. 199,) county courts are vested with full power and jurisdiction to hear and determine a case of bastardy, and this is in addition to the jurisdiction conferred by the county court act, nor is any section of the county court act in conflict with, or repugnant to the bastardy act.

3. The act of April 25, 1873 (Laws 1873, p. 87), requiring the county court to transfer certain cases to the circuit court, only refers to cases where special jurisdiction had been conferred upon county courts prior to the adoption of the constitution of 1870, and has no reference to bastardy cases, whatever.

4. BASTARDY—*formal pleading not necessary.* Where there is a sworn complaint before the court in a bastardy case, which shows the complete character of the charge against the defendant, and the record shows a plea of not guilty, the issue thus made up, though not as formal as it might be, is sufficient.

WRIT OF ERROR to the Circuit Court of Perry county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. T. T. & D. W. FOUNTAIN, for the plaintiff in error.

Mr. R. M. DAVIS, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a prosecution, instituted by Mary E. Morgan against the defendant in error, before a justice, for bastardy. An examination was waived, and the defendant entered into recognizance for his appearance in the county court of Perry county for trial.

At the July term, 1873, of the county court, a trial was had before a jury, and a verdict returned that the defendant was guilty as charged. The defendant prosecuted an appeal to the circuit court.

The cause was submitted to the court on a transcript of the proceedings from the county court, and the original papers. The evidence was not preserved by bill of exceptions. Upon an inspection of the papers, the judgment of the county court was reversed and the cause remanded.

In the circuit court various errors were relied upon to obtain a reversal of the judgment of the county court, only a few of which are insisted upon here by the attorney of the defendant, in the brief with which we have been favored.

One point, made in the circuit court, which has not been insisted upon here, is, that the cause was not tried before the county judge, but, by agreement of the parties, an attorney presided as judge.

This point, if sustained by the record, would have presented a serious question, but, from a careful inspection of the record, we can not say the county judge did not preside at the trial of the cause.

The record shows the county judge, clerk, sheriff and State's attorney present, then the following appears: "On this day come the people, by the State's attorney, as also the defendant, S. M. Woodside, in proper person, attended by counsel, and, by

agreement of the parties, the judge of this court being unable, on account of sickness, to try this cause, E. V. Pearce, Esq., an attorney of the bar, is chosen to try this cause."

The record then shows a plea of not guilty entered, a jury called, and a trial.

While the record does show it was agreed that E. V. Pearce should preside and try the cause, it nowhere appears by the record that he actually did preside as judge, while the concluding part of the record seems to show the county judge was presiding.

On the return of the jury with the verdict, a motion was entered for a new trial, and the record shows the *court* fixed upon a day to hear and consider the motion. On the appointed day, the record discloses the fact that the court heard and overruled the motion and entered final judgment.

From these facts we must presume, in the absence of proof to the contrary, that the trial was had before the judge authorized by the constitution and laws to preside.

The positions assumed by the defendant's attorney to sustain the decision of the circuit court, in his brief and argument, are—

*First*—The county court had no jurisdiction of the subject matter.

*Second*—The county court failed to have an issue made up, before proceeding to a trial of the cause.

We do not regard either of these positions tenable.

The third section of the Bastardy Act of 1872, Laws of 1872, page 199, where a defendant is arrested and brought before a justice on a charge of bastardy, declares, if, upon hearing the evidence, the justice shall be of opinion that sufficient cause appears, it shall be his duty to bind the person so accused in bond, with sufficient security, to appear at the next county court to be holden in such county, to answer to such charge.

The fourth section of the same act provides: "The county court of such county, at its next term, shall cause an issue to be made up whether the person charged is the real father of the child or not, which issue shall be tried by a jury."

We apprehend there can be no doubt but by this act the county court is vested with full power and jurisdiction to hear and determine a case of bastardy.

It is, however, insisted, the act to increase the jurisdiction of county courts, in force July 1, 1872, deprives the county court of jurisdiction in cases of bastardy, for the reason that this act limits the jurisdiction of county courts in civil cases to $500, and where a conviction is had in a bastardy case, the act provides for a judgment of $550.

The two acts are, in no sense, inconsistent, but are entirely harmonious. The Bastardy Act confers jurisdiction on the county court. In addition to this jurisdiction, the first section of the County Court Act confers jurisdiction on the county court in all that class of cases where justices of the peace have jurisdiction, where the amount claimed or value of the property in controversy shall not exceed $500. The second section confers jurisdiction concurrent with the circuit court in appeal cases. The third gives jurisdiction in certain criminal cases and misdemeanors.

There is no section of the County Court Act that can be construed as repugnant to or in conflict with the Bastardy Act.

It is claimed that it was the duty of the county court to transfer the cause to the circuit court, under the provisions of the act of April 25, 1873, Laws of 1873, page 87.

Upon an examination of this act, it will be found that it has no reference whatever to cases like the one under consideration. That act only refers to cases where special jurisdiction had been conferred upon county courts prior to the adoption of the constitution of 1870.

The second point relied upon, that no formal issue was made up before a trial, is easily disposed of. The court had before it the sworn complaint, which showed the complete character of the charge against the defendant. To this complaint the record shows a plea of not guilty; and while the issue thus made up is not as formal as it might be, we regard it as sufficient.

The judgment of the circuit court will, therefore, be reversed, and the cause remanded, with directions to the circuit court to affirm the judgment of the county court.

*Judgment reversed.*