JOHN F. RAWLINGS

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield March 28, 1882.*

1. APPEAL—*in bastardy case—to what court.* An appeal lies from the county court to the circuit court in a bastardy case, and not being a common law or criminal case, no appeal lies from the county court to the Appellate Court.

2. The sum which a defendant is condemned to pay in a bastardy case, is so much in the nature of a penalty as not to be included in the class of cases not appealable from the Appellate Court to this court, where the amount involved is less than $1000.

3.  BASTARDY—*a civil, not a criminal proceeding.*  A prosecution under the Bastardy act is a civil and not a criminal proceeding.  Though in form criminal, it is essentially of the nature of a civil action, the object being, not the imposition of a penalty for an immoral act, but merely to compel the putative father to contribute to the support of his illegitimate child.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county.

Mr. IRA J. BLOOMFIELD, and Mr. BENJ. D. LUCAS, for the plaintiff in error:

A writ of error lies to the Supreme Court from the decisions of the Appellate Court in bastardy cases.  *Baber* v. *Pittsburg, Cincinnati and St. Louis R. R. Co.* 93 Ill. 342.

Bastardy is not a criminal proceeding, but at most only *quasi* criminal, and is not affected by the statute of 1879 relating to appeals in criminal cases.  *Wiggins* v. *City of Chicago,* 68 Ill. 372.

Mr. H. G. REEVES, for the People:

If this is a civil proceeding, so far as the writ of error is concerned, as is argued by counsel for plaintiff in error, then we say that the judgment of the Appellate Court is final, (sec. 8, Appellate Court act,) and no appeal can be taken and no writ of error can be prosecuted therefrom.  If it is a criminal proceeding, then the judgment of the Appellate Court was correct, for it is not disputed that if criminal, the case goes from the county court to the Appellate Court.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

Proceedings under the Bastardy act were instituted against John F. Rawlings, in the county court of McLean county, which, on trial at the December term, 1879, resulted in

a verdict against the defendant. Judgment was rendered accordingly, and an appeal prayed to the circuit court of McLean county. The appeal was perfected, but at the April term, 1880, of the circuit court, on motion of the People, the appeal was dismissed, on the ground that the appeal lay to the Appellate Court, and not to the circuit court. This order of dismissal, on appeal to the Appellate Court for the Third District, was affirmed, and Rawlings sued out this writ of error.

The question presented by this record is, whether an appeal in bastardy cases lies from the county court to the circuit court.

Under the Revised Statutes of 1874, an appeal lies from the county court to the circuit court in such cases. (Rev. Stat. 1874, secs. 187, 188, p. 344.) We have so held in numerous cases. *Holcomb* v. *The People,* 79 Ill. 409 ; *Lewis* v. *The People,* 82 id. 104; *Stanley* v. *The People,* 84 id. 212 ; *Hauskins* v. *The People,* 82 id. 193. These decisions must control, unless the statute has since been changed.

The act of 1877, creating the Appellate Court, does not confer upon it jurisdiction of appeals from the county court, but only from the circuit and city courts, and the Superior Court of Cook county. (Laws 1877, sec. 8, p. 69.) The proceeding being a statutory and not a common law proceeding, is not embraced in the provision in the act of 1877 giving appeals from the judgments of the county court to the Appellate Court in certain cases, as that only provides for appeals "in proceedings for the sale of lands for taxes and special assessments, and in all common law and attachment cases, and cases of forcible detainer, and forcible entry and detainer," and in certain criminal cases. (Laws 1877, p. 77.) And a prosecution under the Bastardy act being a civil and not a criminal proceeding, it is not embraced in the statute of 1879, (Laws 1879, sec. 88, p. 222,) relating to appeals in criminal cases, which provides that in all criminal cases

below the grade of felony, the appeal from the county court shall be taken directly to the Appellate Court.

It is well settled by the decisions of this court that a prosecution under the Bastardy act is a civil and not a criminal proceeding; that though in form criminal, it is essentially of the nature of a civil action, the object being, not the imposition of a penalty for an immoral act, but merely to compel the putative father to contribute to the support of his illegitimate child. The question has been presented before the court in various aspects, and whenever called upon to determine to which class the proceeding belonged, the court has ever held it to be a civil and not a criminal proceeding. *Mann* v. *People*, 35 Ill. 467; *Pease* v. *Hubbard*, 37 id. 257; *Maloney* v. *People*, 38 id. 62; *People* v. *Noxon*, 40 id. 30; *Allison* v. *People*, 45 id. 37; *People* v. *Starr*, 50 id. 52; *McCoy* v. *People*, 71 id. 111. The above cited are all the acts we are aware of bearing upon the subject.

An appeal, then, lying in this class of cases from the county court to the circuit court, under the Revised Statutes of 1874, and not finding that such right of appeal has been taken away by any subsequent statute, it follows that the circuit court erred in dismissing the appeal from the county court to the circuit court.

The objection is made, that if this proceeding under the Bastardy act is a civil proceeding, then the judgment of the Appellate Court was final, and no appeal lay therefrom. The judgment of the circuit court against the defendant was for the sum of $550, which was the utmost limit of the judgment which could be rendered in such a case under the statute, so that the amount involved was less than $1000. The eighth section of the Appellate Court act provides, that in all cases determined in the Appellate Courts, in actions *ex contractu,* wherein the amount involved is less than $1000, exclusive of costs, and in all cases sounding in damages, wherein the judgment of the court below is less than $1000, exclusive of

costs, the judgment of the Appellate Court shall be final, and no appeal shall lie, or writ of error be prosecuted therefrom: *Provided*, the term *ex contractu*, as used in the section, shall not be construed to include actions involving a penalty. The sum to be recovered in the case is given by the statute. The judgment, as provided by the terms of the act, is, that the defendant be "condemned" to pay the sum adjudged, and on failure of the defendant to give the security ordered by the court for the payment of the money, the defendant is, by the order of the court, to be committed to jail until he gives the security,—so that the defendant's personal liberty is involved in case of failure to give the security required. We think the sum which the defendant is "condemned" to pay is so much in the nature of a penalty, that the case is not included in the class of non-appealable cases where the amount involved is less than $1000, it coming within the meaning of the proviso which withdraws from that class actions involving a penalty.

The judgment of the Appellate Court was doubtless in view of a decision of this court at a former term, on a mere motion, that an appeal did not lie in a bastardy case from the county court to the circuit court, and was justified by that decision. But that decision was only of a motion made upon hurried consideration, and without the benefit of any argument of counsel. In view now of full argument by counsel, and upon more mature consideration, we have arrived at the different conclusion here announced.

The judgment of the Appellate Court will be reversed, and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE SCHOLFIELD: I do not concur in this opinion.

Mr. JUSTICE MULKEY: I understand it to be settled by the previous decisions of this court, that in all cases where the direct object of a suit is the recovery of money or property,

the right of appeal from the Appellate Court to this court depends either upon the amount in controversy, as shown by the record, or upon the amount of recovery in the court below, and that an appeal lies in neither case where the amount is less than $1000, and whether the cause of action arises *ex contractu*, or *ex delicto*, makes no difference in this respect. I therefore dissent from the conclusion reached by the majority of the court in the above opinion.