THE PEOPLE, ETC.,

v.

EDDIE STEVENS.

1. BASTARDY ACT.—A prosecution under the Bastardy Act is a civil proceeding.
2. SAME—JURISDICTION.—A bastardy proceeding is properly and primarily within the jurisdiction of county courts at their probate term.

ERROR to the Circuit Court of DeKalb county ; the Hon. C. W. UPTON, Judge, presiding. Opinion filed April 5, 1886.

Mr. J. B. STEPHENS, for plaintiff in error ; that a prosecution under the Bastardy Act is a civil proceeding, cited Mann

v. People, 35 Ill. 467 ; Pease v. Hubbard, 37 Ill. 257 ; Malo-
ney v. People, 38 Ill. 62 ; People v. Noxon, 40 Ill. 30 ; Alli-
son v. People, 45 Ill. 37.

Mr. D. J. CARNES, Mr. G. H. DENTON and Mr. N. F. NICH-
OLS, for defendant in error.

BAKER, J.   This was a bastardy proceeding.   Defendant in
error was tried at the March term, 1885, of the County Court
of DeKalb county, it being a probate term of the court, and
upon being found to be the real father of the bastard child
of the complainant, Lizzie Elfmann, and adjudged to pay $100
for the first year and $50 yearly for nine years thereafter,
for the support, maintenance and education of the child, and
also to pay the costs of prosecution, he perfected an appeal
to the Circuit Court of the county.   At the June term, 1885,
of the DeKalb Circuit Court, the cause was, at the instance of
defendant in error, dismissed for want of jurisdiction, upon
the ground that the county court had no legal authority to
try a bastardy case at a probate term.   The propriety of this
ruling of the circuit court: is the only question to be decided
upon this writ of error.

Prior to 1872 circuit courts had exclusive jurisdiction in
prosecutions for bastardy, but by the act in force July first of
that year the county courts were given jurisdiction in such
cases.   The third section of the Bastardy Act provides that
justices of the peace before whom the complaint is heard
shall, if sufficient cause appears, bind the putative father in
bond, with sufficient security, to appear at the next county
court to be holden in the county, to answer the charge, and
that the warrant and bond shall be returned to that court.
The fourth section provides that the county court, "at its
next term, shall cause an issue to be made up, whether the per-
son charged is the father of the child or not, which issue shall
be tried by a jury."   An act to increase the jurisdiction of
the county courts also went in force at the same date, whereby
those courts were given concurrent jurisdiction with the cir-
cuit courts in all that class of cases where justices of the peace

have jurisdiction, where the amount claimed or value of the property in controversy did not exceed $500, and in appeal cases, and in certain criminal cases and misdemeanors. All matters within the jurisdiction of the county court were at that time cognizable at all its terms; and there was no distinction of its terms into law terms and probate terms. So from July, 1872, to July, 1874, the county court had jurisdiction in bastardy proceedings, and it was exercisable at any of its terms; and this jurisdiction was vested by the act of 1872 concerning bastardy, as was expressly held in People v. Woodside, 72 Ill. 407.

The County Court Act of 1874, in force July 1 of that year, repealed the County Court Act of 1872, made provision for both probate terms and law terms of county courts, and gave such courts law jurisdiction the same, with the single exception of appeal cases, as that which had been conferred by the act which was repealed; and it provided that the criminal and law cases should all be cognizable at the law terms. The fifth section conferred upon these courts jurisdiction in all matters of probate and in certain other specified matters, and also decreed they should have "such other jurisdiction as is or may be provided by law." "All of which," it was further there enacted, "except as hereinafter provided, shall be considered as probate matters, and be cognizable at the probate terms." The matters referred to by the clause "except as hereinafter provided," are the matters specified in the seventh section of the act, and are that class of cases wherein justices of the peace now have or may hereafter have jurisdiction, where the amount claimed or the value of the property in controversy does not exceed $500, and criminal offenses and misdemeanors where the punishment is not imprisonment in the penitentiary or death. It is clear that a bastardy proceeding does not come within the provisions of this section seven, or of the exception contained in section five. Justices of the peace do not have jurisdiction to try bastardy cases; they merely have power to hold preliminary examinations, and for good cause shown, bind over for trial before another tribunal. But it is contended that bastardy cases are to be classed with

criminal offenses and misdemeanors, and tried only at the law terms of the county court. This does not seem to be the law in this State. In McCoy v. The People, 71 Ill. 111, the cases were quite fully discussed, and it was there held a prosecution for bastardy is a civil proceeding. In Rawlings v. The People, 102 Ill. 475, it was said: "It is well settled by the decisions of this court that a prosecution under the Bastardy Act is a civil and not a criminal proceeding."

The County Court Act of 1874 provides that the terms of the court for probate matters shall commence on the third Monday of each month except the months in which law terms are to be held, and that the law terms of the court shall commence on the second Mondays of certain specified months in the several counties of the State. Section 110 makes provision for juries at the law terms, and section 111 for juries at the probate terms whenever it shall be necessary for the trial of any matter pending before the court. Section six not only provides that probate terms shall not be held for the months for which law terms are established, but also that "all matters cognizable at the probate terms shall also be cognizable at the law terms."

A bastardy proceeding is not, either primarily or exclusively, cognizable at the law terms, as it is neither a criminal case, nor of that class of civil cases in which justices of the peace have jurisdiction. Such proceeding is properly and primarily within the jurisdiction of the county courts at their probate terms, for the jurisdiction to try such cases is expressly given to these courts by the Bastardy Act, and the fifth section of the County Court Act enacts that not only all matters over which jurisdiction is conferred by that section, but also all such other jurisdiction as is or may be provided by law for the county courts, except that given to try criminal prosecutions and the class of cases wherein justices of the peace have jurisdiction, shall be considered as probate matters, and be cognizable at the probate terms. There is no jurisdiction to try bastardy cases at the law terms, except by virtue of the last clause of section six, and then it is only by reason of their being cognizable at the probate terms. The conclusion is,

that such cases may be tried indifferently either at the law or at the probate terms of the county court.

It follows that the judgment of the circuit court dismissing the proceeding and ordering it to be stricken from the docket was erroneous. The judgment is reversed and the cause remanded, with instructions to reinstate it upon the docket.

Reversed and remanded.