35  275
66  672

## John J. Curran
### v.
### The People ex rel.

*Bastardy—Evidence—Verdict—Practice.*

1. In bastardy proceedings this court declines to interfere with the verdict that defendant was the father of the child in question.

2. In cases of this character no transcript of any proceedings before the justice need be filed; only the warrant for the arrest and the bond for the appearance are required; neither need the complaint be in writing; and the admission of evidence as to the attention to complainant of other men is admissible.

[Opinion filed January 22, 1890.]

Appeal from the Criminal Court of Cook County; the Hon. Henry M. Shepard, Judge, presiding

Mr. John C. Hendricks, for appellant.

Mr. Homer E. Tinsman, for appellee.

Gary, P. J. "*A dear loved lad, convenience snug,*
*A treacherous inclination,*"
as Burns sings, or, as the Spanish has it, "a moment of delirium," brought upon this young woman that penalty which we are taught all motherhood suffers for the transgression of the first mother.

Upon the contradictory testimony of the two persons having original and authentic sources of knowledge as to the matter to which they testified, the jury has found that the appellant is rightly charged with the paternity of her child. Her testimony was corroborated by his acknowledgment that on summer evenings they rambled in the bosky parks that adorn the northwestern part of Chicago, and by the testimony of her sister that no young man but the appellant came to see the relatrix, to her knowledge. By the testimony of the relatrix and her sister, the date of the first of those rambles was fixed at August 17, 1888, and the child was born April 29, 1889. If there is no error of law in the case, the verdict of the jury can not be disturbed.

All the matters assigned as error, except as to the preponderance of the evidence and the form of the verdict, are trivial. In this class of cases no transcript of any proceedings before the justice is required to be filed; only the warrant for the arrest of the defendant and the bond for his appearance given by him. Sec. 3, Ch. 17, R. S. Her complaint need not be in writing. Jones v. The People, 53 Ill. 366. The admission of the testimony as to attentions by any other man is justified by Corcoran v. People, 27 Ill. App. 638.

The other points as to the evidence admitted or rejected and as to instructions have been considered, but there is nothing in them.

The verdict, " We the jury, find that the complaining witness, Ellen McDonald, has been delivered of a bastard child, in the County of Cook and State of Illinois, which is now living, and that the defendant, John J. Curran, is the father of said child," is broader than the issue which the statute (Sec. 4) requires to be submitted to the jury, and yet it does not include the element that she was an unmarried woman, and only an unmarried woman can be a complainant in such a proceeding. Jones v. People, 53 Ill. 366.

It is, however, such a verdict as in Davis v. People, 50 Ill. 199, was held to be the proper form. There is no error and the judgment is affirmed.

*Judgment affirmed.*