James Pease, Sheriff, v. The People ex rel. Peter Smith.

1. BASTARDY—*Place of Commitment on Failure to give Bond—Discharge.*—Where a defendant in a bastardy case fails to give a bond and is committed to jail, he will not be entitled to be discharged because he is kept in a place with persons charged with or convicted of crimes and misdemeanors.

Bastardy Proceedings.—Appeal from the Criminal Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1896. Judgment for costs. Reversed and remanded. Opinion filed November 19, 1896.

Pease v. The People.

## STATEMENT OF THE CASE.

In the Criminal Court of Cook County, as alleged in the petition for a writ of habeas corpus, Peter Smith, appellee in this court, was found guilty of being the father of Mary Lindner's bastard child, and required to give bond with sureties to secure the payment of the installments as required by law and the judgment of the court. Failing to give such bond, a commitment issued directing the sheriff to take the body of said Peter Smith and safely keep him until he should comply with the judgment and order aforesaid or until otherwise discharged by due course of law. Under that commitment Peter Smith was arrested and lodged in the common jail of Cook county, and there confined in the same cell or room with persons held and imprisoned for crimes, contrary, as it is claimed, to section 11 of chapter 75, entitled " Jails and Jailers," of the Revised Statutes of Illinois. Thereafter, Peter Smith instituted habeas corpus proceedings, alleging these facts, and claiming that he was unjustly and unlawfully confined and restrained of his liberty without any authority of law.

Upon the facts as stated and admitted in the court below, the court held that Peter Smith was a debtor within the meaning of section 11 of the act on " Jails and Jailers," aforesaid, and that he was unlawfully confined in said cell or room; that having been and being confined in a place prohibited by law he had constructively escaped from the custody of the sheriff, and could no longer be held under the original commitment. He was therefore discharged, and judgment for costs rendered against the sheriff.

This appeal from such order and judgment is brought by the sheriff to reverse the order discharging Peter Smith, and also the judgment for costs.

W. F. STRUCKMANN, Assistant County Attorney, for appellant.

CHARLES H. RIPLEY, attorney for appellee.

If the sheriff gives the prisoner the keys of the prison, or appoints him a turnkey, it is an escape, although the prisoner

remains. Kellogg v. Gilbert, 10 Johns. (N. Y.) 220; Steere v. Field, 2 Mason, 486.

Allowing a prisoner in parts of jail not usually devoted to prisoners, is an escape. Burroughs v. Lowden, 8 Mass. 373.

Whenever the prisoner in execution is in different custody from that which is likely to enforce payment of the debt, it is an escape. Benton v. Sutton, 1 Bos. & P. 27; Riley v. Whittiker, 49 N. H. 145.

Any act not authorized by law. Lowry v. Barney, 2 D. Chip. (Vt.) 11; Jones v. State, 3 Harr. & J. (Ind.) 559; Toll v. Alvord, 64 Barb. 568; Clap v. Cofran, 7 Mass. 98; see, also, 6 Am. & Eng. Ency. of Law, 847.

The doctrine of escape in its common law sense is quite fully treated and the same principles obtain in the following: Viner's Abr., Vol. 10, page 73; Bacon's Abr., Vol. 3, pages 391–406.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It is not claimed that the original imprisonment was unlawful. The question therefore arises, what "act or event" has subsequently taken place which entitled the party "to his discharge," or what omission of duty on the part of the sheriff has there been which would have the same effect.

It is urged that the defendant in a bastardy proceeding is a "debtor," within the meaning of section 11, chapter 75, of the Illinois Revised Statute.

It is provided by the bastardy act (chapter 17, section 8, of the Revised Statute), among other things, that "the said reputed father shall be required by said court to give bond with sufficient security, to be approved by the judge of said court, for the payment of such sum of money as shall be ordered by said court." And in the following section it is provided that "in case the defendant shall refuse or neglect to give such security as may be ordered by the court, he shall be committed to the jail of the county, there to re-

Pease v. The People.

main until he shall comply with such order, or until otherwise discharged by due course of law."

The commitment, which was issued in pursuance of this statute and the order of the Criminal Court of Cook County authorizing the arrest and detention of the defendant in the bastardy proceeding, recites, among other things, that the defendant " shall be required to give bond to secure the installments aforesaid, and in default of such bond, that he be committed to the jail of said county until he shall comply with such order, or until otherwise discharged by due course of law; that the said Peter Smith has neglected to give security as required by said judgment and order." The writ of commitment commands the sheriff " to take the body of the said defendant, Peter Smith, and commit him to the jail of said county, and safely keep him until he shall comply with the judgment and order of said court, or until otherwise discharged by due course of law." Pursuant to this command, the sheriff did arrest the defendant and commit him to the jail, and he was there confined until he was discharged in the habeas corpus proceeding brought here for review, and judgment was entered against the sheriff for costs.

Section 11 of the act concerning jails and jailers, Starr & Curtis' Statutes, Vol. 2, page 1373, is as follows :

" Debtors and witnesses shall not be confined in the same room with persons committed for crimes; male and female prisoners shall not be kept in the same room; minors shall be kept separate from notorious offenders, and those convicted of a felony or other infamous crime; and persons charged with or convicted of an offense not infamous, from those charged with or convicted of infamous crimes."

The question then is : Was appellee in unlawful confinement by the sheriff under the forgoing section, when he was confined with persons committed for crime ?

Appellee was not committed for failure to pay a debt. He was, in accordance with the statute, committed for a failure to give a bond. A debt may be satisfied by payment of the amount thereof; the judgment against the

petitioner could not have been then satisfied by the payment into court or to any one of the amount he was adjudged to pay. He was required by the court, in accordance with the statute, to give bond to pay.

For a failure to give bond, and not for a failure to pay, nor because he had been convicted of any offense, was he committed to jail.

He was not entitled to be discharged because he was kept in the place assigned to persons accused or convicted of misdemeanors and crime.

We can not reverse the order of discharge, but can reverse the judgment against the sheriff for costs, and this will be done. Judgment for costs reversed.