## J. Walter Rose v. The People of the State of Illinois ex rel. Bertie Stansell.

1. BASTARDY—*Prosecution for, a Civil Proceeding.*—A prosecution under the bastardy act is a civil proceeding, and the defendant may waive any irregularity in process or preliminary proceedings, by the same acts and to the same extent as in other civil cases.

2. SAME—*Prosecution for, May be Tried at any Term of the County Court.*—A prosecution for bastardy may be tried, either at the law or at the probate terms of the County Court.

3. PRACTICE—*Motion to Exclude the Child, etc.*—It is not error to refuse a motion to exclude the child from the presence of the jury.

Rose v. The People.

**Bastardy Proceedings.**—Trial in the County Court of Washington County; the Hon. GEORGE VERNOR, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the August term, 1898. Affirmed. Opinion filed March 10, 1899.

ATTERBURY & FARTHING and J. P. CARTER, attorneys for appellant.

F. M. VERNOR, attorney for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a proceeding begun before a justice of the peace in Washington county by the people, upon complaint of Bertie Stansell, charging appellant with bastardy. A preliminary hearing was had before the justice on the 22d day of September, 1897, and appellee was recognized to appear at the January term, 1898, of the County Court of said county.

At the January term, 1898, of said court, appellant appeared and moved the court to dismiss the proceedings because the October, November and December terms had intervened between the time of the preliminary hearing before the justice, and said January term, which motion was overruled; appellant excepted, and upon affidavit and motion of appellant the cause was continued to the July term, 1898, at which term a motion was again made by appellant to dismiss, for the reasons in the prior motion assigned, and because, since the January term, 1898, the February, March, April, May and June terms had intervened without orders in said cause, which motion was overruled, appellant duly excepted, and the case proceeded to trial. Verdict, finding appellant guilty. Motions for new trial, and in arrest of judgment; each overruled, and the court rendered judgment on the verdict. To all of which appellant excepted.

It is urged by appellant as grounds for reversal that the court erred in refusing to dismiss the proceedings, in permitting the child to remain in the court room during the trial, in rendering judgment on the verdict, and that the judgment is contrary to the law and the evidence.

The October, November, December, February, March, April, May and June terms, mentioned, were "probate" terms, and the January and July terms, were "law" terms of the County Court of Washington County. The justice recognized appellant to the January term, 1898, which was the next "law" term, instead of to the preceding October "probate" term, which was in due course the next term of said court.

It is contended that the County Court had no jurisdiction at the January or July terms. In People v. Stevens, 19 Ill. App. 405, it is held that the County Court has jurisdiction to try a bastardy case at a law term. The court says: "The conclusion is, that such cases may be tried indifferently either at the law or at the probate terms of the County Court."

The County Court has jurisdiction of that class of cases, of the subject-matter, at all terms. At the January term, 1898, appellant appeared and applied for and obtained a continuance of the case to the July term, 1898, at which term he again appeared and went to trial.

By law the County Court had jurisdiction of the subject-matter, and by appellant's appearance in court, and the putting in of his defense to the merits of the case, the court had jurisdiction of him as a party to the suit.

A prosecution under the bastardy act is a civil proceeding, and in such case a defendant may waive any irregularity in process or preliminary proceedings by the same acts and to the same extent as in other civil cases. There is no issue, now, in this case, involving the validity of the recognizance. After the jury was impaneled, appellant moved the court to exclude the child from the presence of the jury. The court overruled the motion and allowed the child to remain, to which appellant excepted.

The child was not given in evidence nor exhibited to the jury, nor in any manner referred to by the prosecution in the presence of the jury. It does not appear from the record that it was with its mother when she testified or at any time during the trial nor that the jury had any opportunity or

desire to compare it with appellant. All that does appear is, that the court permitted the child to remain in the court room in presence of the jury. We are of the opinion this was not such error as calls for a reversal of the case.

The evidence, in our judgment, abundantly supports the verdict, and judgment on the verdict is fully warranted both in law and in fact. Some objections to the form of the judgment are suggested in argument, but if we assume that such objections can properly be urged under the general assignment "that the judgment is contrary to the law and to the evidence," still we regard them of not sufficient gravity to warrant a reversal.

The judgment of the County Court is affirmed.