The People v. McIntyre.

## The People, etc., v. Ray McIntyre.

1. COUNTY COURTS—*Jurisdiction to Discharge a Defendant from Imprisonment under a Commitment upon Conviction of Bastardy.*—The County Court has authority to discharge a defendant who is imprisoned under a commitment upon conviction of bastardy, after the final adjournment of the term at which he was convicted and commited.

**Petition for Discharge from Imprisonment.**—Trial in the County Court of Mercer County; the Hon. JAMES H. CONNELL, Judge, presiding. Order for petitioner's discharge entered. Appeal by the people. Heard in this court at the December term, 1898. Affirmed. Opinion filed April 11, 1899.

JAMES M. BROCK, State's Attorney, for plaintiff in error.

JOHN F. MAIR, attorney for defendant in error.

. MR. JUSTICE CRABTREE delivered the opinion of the court.

At a law term of the County Court of Mercer County, held in October, 1897, defendant in error was tried by a jury and convicted of bastardy. . Judgment was rendered against him for $550, payable in installments as provided in the bastardy act, and an order was entered that he give bond in sum of $1,000, to secure the. judgment. Failing to give such bond, the court ordered him committed to the county jail, there to remain until he comply with the order as to bond, or until he was otherwise discharged by due course of law. In pursuance of such order he was duly committed to jail.

On.June 3, 1898, defendant in error filed his petition in the Probate Court of said Mercer .County, setting forth the facts of his conviction and imprisonment, and asking that he be released and discharged from further imprisonment, for the reason that he had already been confined in jail more than six months; was insolvent and unable to comply with the order requiring him to give bond. The people, represented by the state's attorney, answered the petition, admitting the facts therein stated, but denying the power and authority of the court to make the order prayed for, or any other order in the premises, and insisting that the court, as a court of probate, had no jurisdiction to hear and determine the matter, and that the County Court and the judge thereof had wholly lost control of said cause, and had no legal right or authority to make any order concerning the same or the person of the petitioner.

Notwithstanding the objection of the people, the court

proceeded to hear the cause, and upon such hearing found from the evidence offered, that the petitioner was insolvent and unable to give bond; that he had been confined in the county jail more than six months, and ordered his discharge from further custody. To reverse such order, the people prosecute this writ of error. The defendant in error has not furnished us with any brief or argument, and hence we are without the assistance which such brief might have rendered us.

Counsel for the people in his argument says:

" The question we especially desire to present for decision is: Has the County Court, sitting either in law or probate, the authority under the law, to discharge a defendant who is imprisoned under a commitment upon conviction of bastardy, after the final adjournment of the term at which he was convicted and committed ? "

So far as we are aware, this question has never been passed upon either by the Supreme Court or the Appellate Courts. We are referred to no case where the point was involved, nor have we been able to find one. The inquiry presented to us by the state's attorney in this case is therefore one of first impression, and it seems to us it should be answered in the affirmative. The law, as it now stands, appears to give exclusive jurisdiction in bastardy cases, to the County Courts, and we have held that bastardy proceedings are properly and primarily within the jurisdiction of County Courts at their probate terms. The People v. Stevens, 19 Ill. App. 405.

There is no question, however, that such cases may be tried either at the law or probate terms of the County Courts indifferently. Taking the whole bastardy act it seems that the jurisdiction conferred upon County Courts in such cases is a continuing one, and we can not assent to the proposition that after the close of the term at which a defendant is tried the County Court has no power to make any further order in the case as contended in the answer of the people to the petition filed in this proceeding. At any time after commitment, had the defendant in error filed the bond required by the order of the court and the sheriff

refused to discharge him, certainly the court would have had the right and the power to order his discharge from imprisonment.

The jurisdiction continuing, we see no good reason why the court could not order the discharge after an imprisonment of six months upon a showing of insolvency and inability to give the bond. Section 9 of the bastardy act specifically provides that a defendant committed thereunder " shall be discharged for insolvency or inability to give bond, provided such discharge shall not be made within six months after such commitment." How is he to be discharged unless by the court ordering the commitment ? As to this the statute is silent, but we think it means that the County Court may discharge upon the proof of facts warranting the release of the defendant as therein provided. It is to be observed further, that County Courts have exclusive jurisdiction of insolvency cases, and proceedings for the discharge of persons imprisoned under the insolvent debtors' act, and are to be always open and in session for the hearing of such applications. (Sec. 1, Chap. 72, Rev. Stat.) We are of opinion that act is broad enough in its terms to give the County Court jurisdiction in a case such as is now before us. It is argued that defendant in error was not an insolvent within the meaning of the statute last above referred to, and we are cited to the case of Pease v. The People, 66 Ill. App. 584, as an authority supporting this proposition. While the decision in that case was no doubt entirely proper upon the facts then before the court, we do not regard it as having any application to the question we are called upon to decide in this case. Referring again to the bastardy act, that a defendant shall be discharged from insolvency on inability to give bond, we are satisfied that the County Court, upon a showing of insolvency, has the power, under the insolvent debtor's act, to discharge a defendant committed and imprisoned under the bastardy act.

The contention of counsel for the people is, that the only remedy of defendant was by habeas corpus; but we are not

inclined to that view. He was legally imprisoned under a valid order of a court of competent jurisdiction, and it is at least doubtful to our minds whether any of the causes enumerated in section 22 of the habeas corpus act could be set up as ground for proceeding under that statute. It may be that the second cause mentioned in the section referred to might be broad enough to warrant a court having jurisdiction in such cases, to award the writ, but that question not being before us we do not now decide it, it being sufficient for us to hold, as we do, that the County Court had full power and authority to make the order complained of in this case.

It is contended on behalf of the people that the evidence did not warrant the court below in finding that the defendant in error was unable to give bond. The only evidence contained in the bill of exceptions, as set out in the abstract, is that of defendant in error and his witnesses. Nothing appears for the people by way of contradiction. The court had the witnesses before it and was competent to judge of their credibility. Standing alone, the testimony of these witnesses, if believed by the court, was certainly sufficient to warrant the order of discharge. Finding no error in the record, the order will be affirmed.