## The People of the State of Illinois ex rel. Ella Landwehr, Appellee, v. William Humbracht, Appellant.

### Gen. No. 24,669.

1. BASTARDS, § 4*—*what is nature of proceeding.* A prosecution under the Bastardy Act is a civil and not a criminal proceeding.

2. BASTARDS, § 12*—*when Criminal Court does not lose jurisdiction of proceeding.* The Criminal Court did not lose jurisdiction of a bastardy case because the issues were not made up at its *next* term to that which the bond and warrant were returned from the justice; as the action, though in form criminal, is essentially of the nature of a civil action.

3. BASTARDS, § 12*—*when Criminal Court has jurisdiction of defendant in proceeding.* Where a minor who had been held to the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Criminal Court for bastardy, after his motion for want of jurisdiction had been overruled, was present at the trial, and his counsel cross-examined the People's witnesses and later introduced witnesses in his own behalf, the court by such action, if not before, had jurisdiction of the person of the defendant, and he waived any irregularity in the proceedings preliminary to the trial.

4. BASTARDS, § 17*—*statute directing making up of issue in proceeding.* The word "shall" in section 4 of the Bastardy Act (J. & A. ¶ 706), providing that the County or Criminal Court, as the case may be, "at its *next* term *shall* cause an issue to be made up," etc., is merely directory and not mandatory.

5. BASTARDS, § 17*—*when issue made up in proceeding is sufficient.* In a bastardy case against a minor, where the record showed that the court directed the entry of a plea of not guilty, the issue thus made up, though not as formal as might be, was sufficient.

6. INFANTS, § 36*—*necessity of appointing guardian ad litem for infant defendant in bastardy proceeding.* The rule that guardians *ad litem* are not appointed for minors in criminal cases, applied in a bastardy case; but the participation of a minor in his trial without asking for such appointment would be a waiver in any event.

Appeal from the Criminal Court of Cook county; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Affirmed. Opinion filed October 10, 1919.

EDWIN D. LAWLOR and WILLIAM J. KING, for appellant.

MACLAY HOYNE and EDWARD E. WILSON, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

On March 20, 1917, Ella Landwehr filed a complaint under the provisions of the Bastardy Act with a justice of the peace of Cook county, in which she stated under oath that "she is an unmarried woman and that she has been delivered of a child which by law is deemed a bastard, and that William Humbracht of Cook county is the father of said child." A warrant was issued and the defendant was arrested. After the examination before a justice of the peace in

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

April, 1917, at which time witnesses for both parties testified, the defendant was bound over to appear at the next term of the Criminal Court of Cook county to answer the charge. On April 30, 1917, the warrant and bond were filed in said Criminal Court. No further proceedings appear to have been had in the cause in said court until March 9, 1918, when the defendant entered his special appearance and moved for a dismissal of the case for want of jurisdiction. On March 16, 1918, after a hearing, the court denied the motion. On July 22, 1918, the case was called for trial and the defendant renewed his said motion, which was again denied. The court thereupon ordered that defendant enter a plea of not guilty, which was done, and thereupon a jury was called and a full hearing was had on the merits, during which several witnesses presented by the defendant and the defendant himself testified. On July 24 the jury returned a verdict finding the defendant "guilty in manner and form as charged in the complaint." Defendant's motions for a new trial and in arrest of judgment were subsequently overruled, and on August 3, 1918, the court entered judgment on the verdict, in compliance with the provisions of section 8 of said Bastardy Act (J. & A. ¶ 710) and defendant appealed to this court.

Section 3 of the Bastardy Act (J. & A. ¶ 705) provides that, if on the preliminary examination the justice of the peace shall be of the opinion that sufficient cause appears, the accused shall be bound over "to appear at the next County Court to be holden in such county, to answer such charge, to which court said warrant and bond shall be returned," except that in Cook county the same shall be returned to the Criminal Court. Section 4 of said Act (J. & A. ¶ 706) in part provides: "The county or the said criminal court of such county, at its next term, shall cause an issue to be made up, whether the person charged, as aforesaid, is the real father of the child or not, which issue shall be tried by a jury."

It is first contended by counsel for defendant that the judgment should be reversed because the trial court was without jurisdiction to hear the cause or enter the judgment, for the reason that the provisions of the statute were not complied with in that no issue was made up at the "next" term of the court after said warrant and bond had been returned to the Criminal Court, but on the contrary ten terms of said court intervened without the issue having been made up or any orders of continuance having been entered or any proceedings whatever having been had. We are unable to agree with the contention. It is well settled by the decisions in this State "that a prosecution under the Bastardy Act is a civil and not a criminal proceeding; that though in form criminal, it is essentially of the nature of a civil action, the object being, not the imposition of a penalty for an immoral act, but merely to compel the putative father to contribute to the support of his illegitimate child." (*Rawlings v. People,* 102 Ill. 475-478; *McCoy v. People,* 71 Ill. 111-114; *People v. Stevens,* 19 Ill. App. 405-408; *Rose v. People,* 81 Ill. App. 128-130.) In the *Stevens* case, *supra,* it is decided that bastardy cases "may be tried indifferently either at the law or at the probate term of the County Court." In the *Rose* case, *supra,* it appears that at the January term, 1898, of the County Court of Washington county, the defendant in a bastardy case (who at a preliminary hearing before a justice of the peace in September, 1897, had been bound over to appear at said County Court) moved the court to dismiss the proceedings for want of jurisdiction because the October, November and December terms had intervened between the time of said preliminary hearing and said January term, which motion was overruled; that thereupon, upon affidavit and motion of defendant, the cause was continued to the July term, 1898, at which term the defendant again moved for a dismissal of the proceedings upon the ground previously assigned, and upon the

further ground that since the January term, 1898, the February, March, April, May and June terms had intervened without orders in the cause; that the court overruled the motion and defendant excepted; and that the cause proceeded to trial, resulting in a verdict finding the defendant guilty, upon which verdict the court entered judgment. It further appears that the October, November, December, February, March, April, May and June terms mentioned were "probate" terms and the January and July terms were "law" terms of said County Court; and that the justice of the peace had bound defendant over to the January term, 1898 which was the next "law" term, instead of to the preceding October "probate" term, which was in due course the "next" term of said court. In affirming the judgment the Appellate Court said: "The County Court has jurisdiction of that class of cases, of the subject-matter, at all terms. * * * By appellant's appearance in court, and the putting in of his defense to the merits of the case, the court had jurisdiction of him as a party to the suit. A prosecution under the Bastardy Act is a civil proceeding, and in such case a defendant may waive any irregularity in process or preliminary proceedings by the same acts and to the same extent as in other civil cases. There is no issue, now, in this case involving the validity of the recognizance." In the present case the defendant was bound over by the justice of the peace during the month of April, 1917, to appear at the next term of the Criminal Court of Cook county, which was the May term, 1917, commencing on the first Monday of that month. Prior to that day the warrant and bond of defendant were, on April 30, 1917, filed in said Criminal Court. These two papers were all that were required to be returned by the justice to the Criminal Court. (*Curran v. People,* 35 Ill. App. 275-276; *Baird v. People,* 66 Ill. App. 671-672.) After the motion of the defendant for a dismissal of the cause for want of jurisdiction had been made and overruled,

and when the cause was finally called for trial before a jury, the defendant was present, and his counsel cross-examined the People's witnesses and later introduced witnesses on defendant's behalf. By such action the court then, if not before, had jurisdiction of the person of the defendant, and the defendant waived any irregularity, if any there was, in the proceedings preliminary to the trial. Furthermore, we think that the word "shall" in section 4 of the statute (wherein it is provided that the County Court or Criminal Court, as the case may be, "at its *next* term, *shall* cause an issue to be made up," etc.) should be construed as merely directory and not mandatory. "The word *shall* may be held to be merely directory when no advantage is lost, when no right is destroyed, when no benefit is sacrificed, either to the public or to any individual, by giving it that construction." (*Wheeler v. City of Chicago*, 24 Ill. 105-107; *Canal Commissioners v. Sanitary Dist. of Chicago*, 184 Ill. 597-604.) In the same section of the statute it is provided that the issue, when made up, "*shall* be tried by a jury," yet it has been decided by this Appellate Court that the defendant may waive the trial by jury, the proceeding being a civil one. (*Kanorowski v. People*, 113 Ill. App. 468-473.)

It is next contended that the trial court erred in entering a plea of not guilty (a) because such plea does not form the proper issue, and (b) because the defendant was at the time a minor and no guardian *ad litem* had been appointed. The record shows that on July 22, 1918, prior to the swearing of the jury, the court "of its own motion doth order that the defendant enter a plea of not guilty in this cause, which is accordingly done." It has been decided in *People v. Woodside*, 72 Ill. 407-410, that in a bastardy case, where the record shows a plea of not guilty, the issue thus made up, though not as formal as it might be, is sufficient. And, in our opinion, it was not necessary for the court to have appointed a guardian *ad litem*

for the minor defendant. In *Holcomb v. People,* 79 Ill. 409-416, it is said that in a bastardy case, "so far as the arrest and trial are concerned, the form is criminal, but the proceeding is, in effect, civil; that the mother may compromise the prosecution, but, failing to do so, the means of coercing a compliance with the order of the court, or having execution of the judgment, is essentially criminal in form and effect." In *Cutter v. People,* 184 Ill. 395-396, it is said: "Courts will always be careful to protect the substantial rights of infants in criminal as well as civil cases, but guardians *ad litem* are not appointed for such defendants in criminal cases, and the procedure is the same whether the defendants are infants or adults." Futhermore, it does not appear that defendant, before the plea of not guilty was entered, asked for the appointment of a guardian *ad litem.* On the contrary it appears that he participated in the trial upon the merits. He must be held to have waived the point. (*People v. McDonald,* 178 Ill. App. 159-163; *Bartley v. People,* 156 Ill. 234-240.)

It is further contended that the judgment should be reversed (1) because the trial court erred in admitting evidence of certain statements made by the defendant during the preliminary hearing before the justice of the peace; (2) because the court erred in excluding certain testimony offered by the defendant; (3) because the verdict is manifestly against the weight of the evidence; and (4) because the complaint is insufficient to sustain the judgment. No useful purpose will be subserved in a discussion of these points. Suffice it to say that we have examined them all and are of the opinion that they are without substantial merit.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*