## The People of the State of Illinois, Plaintiff in Error, v. Donald Redfearn, Defendant in Error.

1. BASTARDS—*when insolvency of defendant admitted.* On a proceeding to enforce an award under a judgment in bastardy proceedings a demurrer to a petition setting up defendant's commitment and discharge under the judgment and his insolvency, and exceptions to his answer setting up the same facts, constitute an admission of the fact of defendant's insolvency.

2. BASTARDS—*when defendant not in contempt after commitment.* After the defendant in a bastardy proceeding has been discharged from the 6-months' imprisonment for failure to furnish bond to make payments thereunder in accord with Cahill's St. ch. 17, ¶ 9 and ch. 72, ¶ 4, on the ground of his insolvency, he cannot be held guilty of contempt of court and further imprisoned for failure to make the payments.

Error by plaintiff to the County Court of Marion county; the Hon. W. G. WILSON, Judge, presiding. Heard in this court at the October term, 1926. Affirmed. Opinion filed February 19, 1927. Petition for certificate of importance denied February 24, 1927.

CHAS. F. DEW, State's Attorney, for plaintiff in error.

HOLT & HOLT and BASIL WILSON, for defendant in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

In July, 1924, Donald Redfearn, defendant in error, was convicted of a charge of bastardy in the county

court of Marion county, and by judgment of the court was ordered to pay to the mother of his illegitimate child, which was born October 15, 1923, the sum of $200 for the first year after the birth of such child and $100 for each year for nine years thereafter, such payments to be made in equal quarterly instalments on the first day of October, January, April and July of each year. Defendant in error was further ordered to give bond in the penal sum of $1,400 with security to be approved by the court for the payment of said sums. It was further ordered that if he neglected or refused to give bond he should be committed to the county jail until he complied with such order or was otherwise discharged by due process of law.

On September 8, 1924, defendant in error, having failed to comply with the order of the court, was "sentenced to confinement in the county jail for the period of six months, said time to be spent at hard labor in the State Farm at Vandalia, Illinois." On July 28, 1925, the State's attorney of Marion county filed a verified petition for citation setting out the foregoing facts and further alleging that defendant in error had refused to pay the first instalment of $200 and that the first year from said judgment had elapsed, and praying that a citation be issued againt defendant in error returnable on the first day of the November term, 1925, of the said county court of Marion county, requiring him to show cause why he should not be held in contempt of court "for the non-payment of the sum of $200 as by order of court he was directed as well as the quarterly instalment of $25 now due." The citation was issued and served on defendant in error, who filed an answer admitting his conviction and the judgment of the court and alleging that he did not comply with the order of court, because at the time of said order he was insolvent and had no property, real or personal; that he has continued to be insolvent and has had no property

at all times thereafter; that by reason of his insolvency he was unable to give the bond required and was thereupon committed by order of said court to the State Farm of Illinois to remain until he should comply with such order or be discharged in due course of law; that he was retained at said State farm for the full period of six months and thereupon discharged in due course of law; that he in no way or manner intended to act in contempt of court and he therefore asked to be discharged.

Defendant in error also filed his petition setting up practically the same facts as his answer above referred to and also containing apt allegations of his insolvency and therein moved the court for an order releasing and discharging him from further imprisonment. The State's attorney filed exceptions to defendant in error's answer and a demurrer to his petition. The court overruled the exceptions and the demurrer and as the State's attorney elected to abide the exceptions and demurrer, the court entered judgment declaring the defendant insolvent, adjudging him not guilty under the petition and purging him of contempt of court. This writ of error was sued out to reverse that judgment.

The only question involved in this case is whether a person who has been convicted of the charge of bastardy, and has been committed to jail for six months for failure to comply with the order of the court can, after his release, be held guilty of contempt of court for failure to meet the payments ordered in the judgment of the court. Section 9 of the Bastardy Act [Cahill's St. ch. 17, ¶ 9] provides: "In case the defendant shall refuse or neglect to give such security as may be ordered by the court, he shall be committed to the jail of the county, there to remain until he shall comply with such order, or until otherwise discharged by due course of law. Any person so committed shall be discharged for insolvency or inability to give bond:

Provided, such discharge shall not be made within six months after such commitment.'' This section of the statute was complied with in this case and defendant in error was in confinement for six months after his commitment. The exceptions to defendant in error's answer and the demurrer to his petition must be taken as admitting the allegations of the answer and petition, that he was at the time of his commitment and discharge, and now is, insolvent.

The Appellate Court for the second district in *People v. McIntyre,* 81 Ill. App. 519, where the right of the county court to make an order discharging the defendant in a bastardy case under similar circumstances was involved, said referring to the provision for discharge made by the statute as above quoted, ''How is he to be discharged unless by the court ordering the commitment? As to this the statute is silent, but we think it means that the County Court may discharge upon the proof of facts warranting the release of the defendant as therein provided.'' That case further holds, in effect, that this provision of the Bastardy Act should be considered in connection with section 1 of the Insolvent Debtors Act (Cahill's St. ch. 72, ¶ 4) which gives the county court jurisdiction for the discharge from imprisonment of insolvent debtors and says, ''Referring again to the bastardy act, that a defendant shall be discharged from insolvency on inability to give bond, we are satisfied that the County Court, upon a showing of insolvency, has the power, under the insolvent debtors act, to discharge a defendant committed and imprisoned under the bastardy act.'' We do not wish to be understood as holding that a defendant in a bastardy suit, who has been condemned by the judgment of the court to make the payments provided for by law, cannot be committed to prison for failure to pay any one or more of the instalments thereof as they fall due, even though he may have been committed to jail for failure to give the bond required, and dis-

charged at the expiration of six months, where the proof does not show that he is insolvent. But it is our opinion that defendant in error Donald Redfearn, having been imprisoned for six months under the Bastardy Act [Cahill's St. ch. 17] for failure to give bond and then discharged, cannot now be held guilty of contempt of court for failing to make the payments required, and be further committed to jail when it is admitted, as it must be here, that he is insolvent, and has been insolvent since the entry of the judgment against him. It was therefore not error for the court to discharge defendant in error and the judgment should be affirmed.

*Judgment affirmed.*