## The People of the State of Illinois ex rel. Fae Cullison, Appellee, v. Gove Dile, Appellant.

Opinion filed January 19, 1931.
Rehearing denied, opinion modified and refiled March 11, 1931.

GEO. W. LACKEY, for appellant.

GUY E. McGAUGHEY, State's Attorney, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

On February 19, 1930, Mrs. Fae Cullison filed a complaint before a justice of the peace, alleging that

she is a married woman, and that while living separate and apart from her husband, she became pregnant, and was delivered of a child, which is now living and by law would be deemed a bastard, and that the appellant Gove Dile is the father of said child. A warrant was issued by said justice of the peace for the said Gove Dile. He was brought before the said justice of the peace and admitted to bail. At the June Term of the county court of Lawrence county, Illinois, a hearing was had on the merits of the case. Before the commencement of the trial the appellant made a motion to dismiss the case, assigning numerous reasons. The motion was overruled by the trial judge. Permission to amend the complaint was given and the case went to trial before a jury, which found that the defendant was the father of said bastard child. Judgment was entered on the verdict for $200, and $100 yearly for nine years, and the case is brought to this court on appeal.

The first assignment of error is that the trial court allowed the motion to amend the complaint, and the said amended complaint was not sworn to and refiled in said court. In order to present this question to this court for review the abstract should contain the complaint so that this court could examine it and see whether it was amended and filed. The abstract in this case does not contain any part of the complaint, or the amended complaint, and the appellant is not in a position at this time to raise this question.

It is immaterial in the state of the record in this case whether the complaint was amended and refiled, as the defendant went to trial on the issues of the case, cross examined the complainant's witnesses, and put in evidence in proof of his defense. This is a civil case and not a criminal case, and any error that might arise in the preliminary steps in the proceedings are waived by the defendant going to trial upon the merits of the case. (*People v. Humbracht,* 215

Ill. App. 29; *Rose v. People,* 81 Ill. App. 128; *Rawlings v. People,* 102 Ill. 475.)

It is insisted by the appellant that the court erred by giving instructions on behalf of the complainant and refusing his instructions, numbers one and two. Rule 14 of our court provides that "the abstract must be sufficient, and present fully every error relied upon." The abstract in this case does not contain the instructions given by the court, in behalf of the defendant, and only part of those given in behalf of the complainant. It is. the contention of the appellee that the instructions given for the defendant fully covered the points of law contained in the refused instructions. In the absence of the given instructions we cannot pass upon this assignment of error.

At the trial, Lester Cullison, the husband of Fae Cullison, was allowed to testify that he had not had access to his wife from March 22, 1927, until October, 1927. The proof shows that the complainant became pregnant during the month of June, 1927. Lester Cullison, the husband, was permitted to give this evidence over the objection of the defendant. This being a civil action we are of the opinion that it was error for the court to permit the husband of the complainant to testify in her behalf. However, we are of the opinion that it was not reversible error to permit the husband of the complainant to so testify.

Fae Cullison, the complainant, without objection, testified to numerous occasions upon which she had had sexual intercourse with the defendant, and names the times and places. She is corroborated in a great many respects by other witnesses. The defendant was frequently at the home of Fae Cullison, during the month of June, 1927, and on numerous occasions they were seen together away from home. The evidence clearly establishes the fact that Lester Cullison was living separate and apart from his wife from March, 1927 to September, 1927, and the child was conceived

in June, 1927. Pearl Watts testified that the defendant told her that the child was his and that he intended to "see her through." He admits being with her many times but denies having sexual intercourse with her. In this examination when asked the question: "Tell the jury if this is your child," his answer was, "No, sir; I don't think it is."

From a review of the evidence we are of the opinion that the jury could have come to no other reasonable conclusion than that the defendant was the father of the child. So the admission of the testimony of Lester Cullison was not reversible error. We find no reversible error in the case and the judgment of the county court of Lawrence county is hereby affirmed.

*Affirmed.*